177 So.2d 532 (1965)
STATE of Florida, Appellant,
v.
Willie BROWN, Appellee.
No. 5793.
District Court of Appeal of Florida. Second District.
August 4, 1965.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellant.
Joseph G. Spicola, Jr., Public Defender, and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellee.
ANDREWS, Judge.
The defendant Willie Brown was convicted of robbery. The trial court granted the defendant's motion for a new trial, from which order the State appeals.
The State presented a strong case against the defendant by witnesses of the flight of the robber from the scene of the crime, identification of the defendant, and circumstantial evidence in the form of clothing worn by the robber.
The Public Defender presented a strong defense of alibi by numerous witnesses testifying that the defendant had worked on the day of the crime, was not absent from his work at the time the crime was committed, and in fact was at lunch with one of his fellow workers at about the time the crime was shown to be committed.
These facts presented to the jury two equally creditable theories of the case: the first pointing unerringly to the guilt of the accused, and the other pointing unerringly to the innocence of the accused. On motion for new trial, the court entertained some doubt as to the guilt of the defendant, and as a result the attorneys for the parties agreed that the defendant should be given the so-called "lie detector or polygraph test."
The results of the first test showed that the defendant was telling the truth in that he did not commit the crime. The prosecutor was not satisfied with the test, and a second test was given, which resulted in a showing that the defendant was not telling the truth. The court then ordered a third test, which showed that the defendant was telling the truth.
*533 Such tests are generally not admissible in evidence and should be excluded upon the objection of any party. Johnson v. State, Fla.App. 1964, 166 So.2d 798; Kaminski v. State, 1956, Fla., 63 So.2d 339. The court, however, in the Johnson v. State case, supra, quoted with approval the case of State v. Valdez, 1962, 91 Ariz. 274, 371 P.2d 894, holding that such tests are admissible where the parties stipulate as to their admissibility. In the case before the court here, we are not confronted with the same question, but the same rules should apply in that the parties stipulated, in effect, that the court could consider on a motion for new trial the so-called "lie detector or polygraph test." The court in granting a new trial under the circumstances was exercising its discretion.
Accordingly, we hold that the State has not carried the heavy burden necessary to reverse a trial court in the exercise of sound discretion in the granting of a motion for new trial. State v. Strickland, Fla.App. 1965, 172 So.2d 260.
Affirmed.
SHANNON, Acting C.J., and SMITH, J., concur.