PER CURIAM.
The appellant was informed against, charged with robbery. Tried before a jury, he was convicted and was adjudged guilty. Appealing therefrom he presents eight points as grounds for reversal. On consideration thereof, in the light of the record and briefs, we find no reversible error is shown, and affirm.
The trial court ruled correctly in rejecting the proffered testimony of two psychiatrists, where “the unsupported statement of the defendant was the major substantial fact if not the whole foundation” of the doctors’ opinions. Cirack v. State, Fla.1967, 201 So.2d 706. We find no harmful error in the ruling of the trial court admitting into evidence the physical evidence offered by the state. The degree of variance of the proofs, complained of by appellant, was not material. See Cannon v. State, 91 Fla. 214, 107 So. 360. The trial court properly ruled out defendant’s question on cross-examination for comparison of defendant’s fingerprints with prints on the physical evidence which was introduced. The court held, and correctly so, that no proper predicate had been laid. Therefore, Coco v. State, Fla.1953, 62 So. 2d 892, was not applicable. In view of the showing at trial that others were involved, the trial court did not commit error in charging the jury regarding aiding and abetting, under § 776.011 Fla.Stat., F.S.A. The trial court was correct in ruling that the introduction of evidence on behalf of the defendant-appellant, in the form of the transcribed testimony of a witness given at a prior trial, operated to deprive the defendant of the right to open and close. Crosby v. State, 90 Fla. 381, 106 So. 741. We have examined the remarks made by the prosecutor in argument which were the basis for a motion by defendant for mistrial, and find them not to be such as to have required that the motion for mistrial be *197 granted. On inspection of the record we reject as without merit the final contention of the appellant of insufficiency of the evidence.
Whereupon, the judgment appealed from is affirmed.