PER CURIAM.
The appellant was tried before a jury in the Criminal Court of Record for Dade County upon a two count information charging the defendant with (1) breaking and entering a dwelling with intent to commit a felony, to wit: robbery, and (2) robbery. The jury found him guilty upon count 1 and guilty of the lesser included offense of assault with intent to commit a felony to wit robbery upon count 2. He was adjudicated guilty on each count and sentenced to life in prison upon count 1, and to 20 years upon count 2. This appeal is from the judgment and sentence.
Appellant presents five points upon appeal. They are as follows: 1. The court erred in denying appellant’s motion for a change of venue. 2. The court erred in denying appellant’s motion to excuse for cause each of the members of the jury panel because of knowledge of appellant’s past criminal record. 3. The court erred in denying appellant’s motion to strike the testimony of the state’s psychiatrists. 4. The court erred in denying appellant’s motion for a bifurcated trial on the issues of guilt and insanity. S. The evidence was insufficient as to count 1 because it was insufficient to establish ownership of the dwelling which was broken into by appellant.
Appellant directs the major portion of his brief and argument to point 1. Appellant’s motion for change of venue was filed prior to trial and the court deferred ruling until after jury selection began. It was renewed after a jury was seated and the motion was denied. The motion had attached as exhibits many newspaper reports. Most of these newspaper stories concerned other criminal charges against the appellant; the trial of these charges and the adjudication that appellant was guilty of the charges. An examination of these reports reveals that they are for the *387 most part factual accounts. There is no demonstration or argument that the reports were highly colored or inflammatory.
Seventy-eight jurors were called. The appellant excused 12 peremptorily and the state excused 8; 30 were excused for reasons not related to this appeal; 20 were excused because they might have formed an opinion as to appellant’s guilt. A jury of six and two alternates were sworn.
Appellant’s argument under point 1 asserts that the exhibits attached to the motion and those presented in court demonstrate such “overwhelming prejudicial publicity against the defendant with regard to the case at bar and — (his) past criminal life” [emphasis supplied] that the exposure of the prospective jurors to these printed accounts demonstrates an abuse of discretion in the denial of his motion for a change of venue. He relies upon the law as established in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and expounded in United States ex rel. Bloeth v. Denno, 313 F.2d 364 (2nd Cir. 1963); Pamplin v. Mason, 364 F.2d 1, (5th Cir. 1966).
In considering the error urged we begin with the basic fact that we are reviewing a discretionary ruling by the trial judge and that we ought not to reverse unless an abuse of that discretion is made to appear. Singer v. State, Fla.1959, 109 So.2d 7. We recognize that where the record reveals a likelihood of bias by the jury a question of appellant’s constitutional right to a fair trial is involved and federally established standards must be applied.
Our review of the record before us convinces us that this point must be decided adversely to the appellant’s contention, upon the rule stated in Collins v. State, Fla. App.1967, 197 So.2d 574, modified for other reasons 203 So.2d 28. We further hold that upon the application of the test set forth in Pamplin v. Mason, 364 F.2d 1 (5th Cir. 1966) no violation of appellant’s constitutional right to a fair trial appears.
Point 2, which urges that the trial court erred in denying appellant’s motion to excuse for cause each member of the jury panel, covers much of the same ground as the argument under point 1. The contention is that because the members of the panel knew or must have known of appellant’s conviction for other crimes that they were not qualified as jurors. The appellant presents no authority for his statement that a knowledge of a prior conviction disqualifies a juror. We do not think that reason supports such a contention. Florida Statute § 910.03, F.S.A. provides that criminal prosecutions shall be tried in the county where the offense is committed. This direction implies a trial by fellow citizens, many of whom may know the defendant. The concept that a trial should be in a vacuum in order to be fair finds no basis in our legal tradition. Absent a showing of bias it is presumed that the jurors will base their verdict upon the evidence given at the trial. No error appears under point 2. See Singer v. State, Fla.1959, 109 So.2d 7; McCullers v. State, Fla.App.1962, 143 So.2d 909.
Appellant’s third point argues that the trial court should have excluded the testimony of the two court appointed psychiatrists at the hearing held before trial to determine appellant’s competency to stand trial. It is urged that because the psychiatrists obtained all their information from interviews with the appellant and there were no independent “tests” that their testimony as to appellant’s mental condition was incompetent. Appellant relies upon Cirack v. State, Fla.1967, 201 So.2d 706 and Martin v. State, Fla.App.1969, 218 So.2d 195 for this proposition. We do not think the authority cited supports a reversal here. The cases cited hold that where the testimony of a witness is based upon a particular evidentiary statement from the defendant the testimony may be excluded. *388 Here the appointed physicians reported their conclusions from their observations and their interview with the defendant. Such medical procedure has not been shown to be incompetent.
Appellant’s fourth point urging a right to a separate trial on the issue of insanity is not supported by authority in this state and is without merit. Also appellant’s fifth point directed to the sufficiency of the evidence of the ownership of the dwelling is without merit. Young v. State, Fla.App.1964, 162 So.2d 297.
Affirmed.