294 So.2d 33 (1974)
Michael David ASKARY, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-831.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 20, 1974.
*34 Carr & Emory, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Rosin, Asst. Atty. Gen., for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was charged by information with four counts of aggravated assault and by separate information with carrying a concealed weapon. He was tried by jury and found guilty of three counts of aggravated assault and carrying a concealed firearm and sentenced to six months in the county jail on each of the assault counts (each sentence to run concurrently) and six months in the county jail followed by three years probation for the conviction of carrying a concealed weapon.
On appeal, appellant first contends that the evidence presented was insufficient to support the above convictions.
After a review of the record on appeal, we conclude that there was substantial evidence to support the verdict. Acting within its province, the jury having resolved all conflicts against the defendant this court will not reverse the judgment of conviction, all conflicts and reasonable inferences therefrom being resolved at this stage of the proceedings in support thereof. See Dreger v. State, Fla.App. 1969, 228 So.2d 431 and 2 Fla.Jur.Appeals § 344 (1963) and cases cited therein.
Appellant also contends that it was error to admit the testimony of Warren D. Holmes, a polygraph expert, since it pertained directly to the results of the polygraph examinations which are inadmissible as evidence.
The record reveals that defendant-appellant and the prosecution entered into a stipulation whereby the parties agreed that the results of the polygraph examinations of the state witnesses and of the defendant would be admitted into evidence for the jury's consideration. Thus, the results of these examinations were admissible. See State v. Brown, Fla.App. 1965, 177 So.2d 532. Further, we cannot find merit in defendant's argument that the introduction of the above results operated to deprive him of his privilege against self-incrimination as the results of defendant's own polygraph test were not offered into evidence by the prosecution.
Lastly, appellant alleges it was error for the trial court to have denied his motion for new trial. Under this point defendant contends that since the four counts of aggravated assault alleged in the information arose out of the same incident, it therefore follows that only one charge of aggravated assault should have been filed against him. In support thereof, appellant cites Yost v. State, Fla.App. 1971, 243 So.2d 469. However, the case sub judice is distinguishable from Yost in that each assault in the instant case was in fact a separate transaction although all arose out of the same incident. Thus, this argument of appellant must fail.
Despite the fact that the point is not raised in appellant's brief, we note that the sentence for carrying a concealed weapon is patently illegal in respect to the probation provision thereof and we hereby strike the period of probation therefrom. See Hutchins v. State, Fla.App. 1973, 286 So.2d 244.
Accordingly, the judgment and sentence herein appealed as modified is affirmed.
Affirmed.