299 So.2d 119 (1974)
Richard MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1434.
District Court of Appeal of Florida, Third District.
July 16, 1974.
Rehearing Denied September 11, 1974.
Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
*120 Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Elliot H. Scherker, Legal Intern, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant was charged by information with (1) robbery, (2) being a felon in possession of a firearm, and (3) commission of a felony by use of a firearm. He was tried by jury and found guilty on counts 1 and 3, a directed verdict being granted in defendant's favor on count 2. Thereafter, defendant was sentenced to 15 years in the state penitentiary on count 1 with no sentencing on count 3. This appeal follows.
Appellant raises three points on appeal with regards to the admissability of polygraph evidence, refusal to allow cross-examination of the polygraph expert and neglecting to instruct the jury concerning the weight to be given the polygraph evidence.
The record reveals that the defendant-appellant and the prosecution entered into a stipulation whereby the parties agreed that the results of the polygraph examination of the defendant would be admitted into evidence for the jury's consideration. Thus, the results of the examination were admissable. See State v. Brown, Fla.App. 1965, 177 So.2d 532; Askary v. State, Fla.App. 1974, 294 So.2d 33. Further, we find no merit in appellant's argument that the trial judge erred in not permitting defense counsel to cross-examine the polygraph expert as to his qualifications for the stipulation provided that the defendant's examination would be conducted before a duly qualified and licensed polygraph operator. We also note that counsel for defense was permitted to examine the polygraph operator as to the reliability of the machine. Turning to appellant's argument that the trial court neglected to instruct the jury regarding the weight and sufficiency of polygraph evidence, we find that defense counsel neither requested nor objected to the failure to the giving of such an instruction and, therefore, appellant now is precluded from raising this as error for the first time on appeal. Clements v. State, Fla.App. 1973, 284 So.2d 700.
Appellant also contends that the trial court erred in denying defendant's motion for change of venue pursuant to RCrP 3.240, 33 F.S.A. We cannot agree.
First, although defense counsel filed a motion for change of venue with accompanying affidavits, he apparently never brought this motion to the attention of the trial court as the record is completely devoid of the disposition, if any, thereof.
Second, the motion was based on the theory of prejudicial pretrial publicity. However, it appears from the record that only one of the jurors had read the article about the defendant's arrest and all six of the jurors stated they were not biased. Absent a showing of bias it is presumed that the jurors will base their verdict upon the evidence given at trial. Murphy v. State, Fla.App. 1971, 252 So.2d 385. Further, an impartial jury is not required to be totally ignorant of the facts and issues involved and may have formed some impression or opinion as to the merits of the case, particularly in criminal matters without being subject to objection on prejudicial pretrial publicity theory. Gavin v. State, Fla.App. 1972, 259 So.2d 544. Thus, we cannot say that the trial judge abused his discretion in the case sub judice in denying the motion for change of venue.
We also have considered appellant's remaining points on appeal and find them to be lacking in merit.
Accordingly, the judgment and sentence herein appealed is affirmed.
Affirmed.