324 So.2d 173 (1975)
The STATE of Florida, Appellant,
v.
Timothy Daniel CUNNINGHAM, Appellee.
No. 75-1004.
District Court of Appeal of Florida, Third District.
December 23, 1975.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for appellant.
Gerald Kogan, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellee, Cunningham, was charged by information with the robbery of the Overhead Door Company. He protested his innocence and, during the pendency of this matter, his counsel and the State stipulated that he would submit to a polygraph examination, the results of which would be introduced into trial of that proceeding.
During the examination, the polygraph operator interrogated Cunningham as to whether or not he had ever killed anyone. At the conclusion of the test, the polygraph operator informed Cunningham that he was lying about not having killed anyone; *174 that this would have an effect on the results of his test as to whether or not he had committed the robbery of the Overhead Door Company. Whereupon, Cunningham admitted that he had been involved in a robbery some years previous, which had resulted in the death of an individual. Subsequently, the polygraph operator informed the State of this admission and the State then instituted first degree murder proceedings against Cunningham as a result of the information learned by the polygraph operator conducting the test. Cunningham's counsel in the murder prosecution filed a motion to suppress any statements during the trial received by the polygraph operator at the time he conducted the test. The trial judge granted the motion and this appeal ensued. We affirm.
Generally, polygraph tests and the information gleaned therefrom are not admissible evidence in any criminal proceeding. Kaminski v. State, Fla. 1952, 63 So.2d 339; Anderson v. State, Fla. 1970, 241 So.2d 390; Sullivan v. State, Fla. 1974, 303 So.2d 632. The results may be admitted into evidence upon stipulation between the State and defense counsel. State v. Brown, Fla.App. 1965, 177 So.2d 532; Askary v. State, Fla.App. 1974, 294 So.2d 33; Moore v. State, Fla.App. 1974, 299 So.2d 119. The sole purpose of the stipulation entered into in the Overhead Door Company case related to permissible evidence in that cause and in no other. Therefore, we hold that the trial judge properly suppressed any information obtained during the giving of the polygraph test by the operator. Compare Pereira v. Pereira, 35 N.Y.2d 301, 361 N.Y.S.2d 148, 319 N.E.2d 413. This will not preclude the State from continuing with its first degree murder prosecution, but will only preclude the State from using the information obtained by the polygraph operator in response to questions propounded to Cunningham.
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.
PEARSON, Judge (dissenting).
I must dissent because I feel that this decision is an unwarranted extension of those cases rendering confessions inadmissible because of exaggerated protections allowed to defendants who have confessed to crimes. I see no difference between the confession of a separate crime to a polygraph operator and the confession of a separate crime to any non-investigative officer. I would reverse the order suppressing the confession upon the authority of the decision of the District Court of Appeal, Second District, in Johnson v. State, Fla.App. 1964, 166 So.2d 798.