341 So.2d 263 (1977)
Gaspar ROMERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-292.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Ellis S. Rubin, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Sidney M. Pertnoy, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellant Gaspar Romero was found guilty by a jury and adjudicated guilty on two counts of murder in the second degree. On this appeal, two points are presented. The first point urges that the defendant was entitled to a mistrial because the prosecution misstated the law on the defense of insanity during voir dire examination of the jury. This point does not present reversible error because the misstatement of the law was immediately corrected by the court and the curative instruction was sufficient to overcome the possibility of prejudice. Under these circumstances, the trial court did not abuse its discretion in denying the mistrial. See Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974).
The second point urges that the court erred in finding a six-year old child competent to testify as to the facts of the murders, where the child was present at the shootings. The competency of a child to testify in a given circumstance is a matter which must be left to the discretion of the trial judge, who observes the child and is able to judge its intelligence and ability to comprehend the duty to testify truthfully. The record of the examination of the infant *264 witness fails to show an abuse of discretion concerning the court's determination that the child was competent to testify. See Bell v. State, 93 So.2d 575 (Fla. 1957); and Fernandez v. State, 328 So.2d 508 (Fla. 3d DCA 1976).
Affirmed.