351 So.2d 970 (1977)
Wesley Anthony HOSTZCLAW, Petitioner,
v.
STATE of Florida, Respondent.
No. 50431.
Supreme Court of Florida.
September 22, 1977.
*971 J. Michael Burman of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for petitioner.
David H. Bludworth, State's Atty., and Stephen R. Koons, Asst. State's Atty., West Palm Beach, for respondent.
KARL, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal in State v. Hostzclaw, reported at 351 So.2d 1033 (Fla. 4th DCA, 1976), which conflicts with State v. Cunningham, 324 So.2d 173 (Fla. 3rd DCA, 1975), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner was indicted for the first degree premeditated murder of a Delray Beach police officer. He moved to suppress several statements made by him during and subsequent to the grand jury investigation of the murder.
The trial court granted in part and denied in part the motion to suppress certain designated statements. Respondent appealed, and petitioner cross-appealed this order. The District Court affirmed in part and reversed in part the order of the trial court under review and expressly determined, inter alia, relative to suppression of petitioner's statements to the polygraph operator after the polygraph was concluded, that there is no difference between an incriminating statement made to a polygraph operator after completion of a polygraph examination and an incriminating statement made freely and voluntarily to any other officer and that, therefore, the voluntary statements made to the polygraph operator after completion of the polygraph examination should not have been suppressed. The District Court concluded that petitioner's cross-assignments of error were without merit and that the trial court's finding that immunity was not granted is supported by the record.
This Court granted certiorari because of apparent conflict with State v. Cunningham, supra, as to suppression of statements made to the polygraph operator after examination. The only issue warranting discussion involves whether appellee's admissions to the polygraph operator should be suppressed.
In Cunningham, supra, the Third District Court of Appeal held that, although the results of a polygraph may be admitted into evidence upon stipulation between the state and defense counsel, generally polygraph tests and information gleaned therefrom are not admissible in criminal proceedings.
Petitioner submits that the same rationale applied to statements made during the tests disallowing admissibility should be applied to statements made immediately thereafter and as a direct result thereof. We do not agree with petitioner but, rather, find that the District Court, in the instant cause, decided the question correctly.
The Second District Court of Appeal, in Johnson v. State, 166 So.2d 798, 801-802 (Fla. 2d DCA, 1964), opined:
"The established rule that neither the result of a polygraph examination nor any allusion to such an examination to imply a certain result is admissible or proper, Kaminski v. State, Fla. 1953, 63 So.2d 339, does not, in our view, label the polygraph a tree whose every fruit is forbidden.
.....
"Perhaps the most frequent instances of a jury being advised of a defendant's having taken a lie detector test are in cases involving confessions or admissions procured in anticipation of, during or subsequent to administration of a lie detector examination. It is well established that the mere fact that a lie detector examination may have been involved in *972 procuring a confession does not render the confession inadmissible. [Cases cited.] However, if the defendant is forced to submit to the examination or if the methods of examination are such as to constitute actual or psychological coercion the resulting confession may well be found involuntary. .. ."
.....
"Necessarily, when a confession procured during or as a result of a lie detector examination is challenged, the facts surrounding the confession will be disclosed. If the court determines the evidence competent, these same facts  including the fact that the defendant was subjected to a lie detector  may be disclosed to the jury as bearing on the confession's credibility... ."
This Court's recent decision in Burch v. State, Fla., 343 So.2d 831, filed March 10, 1977, supports the state's contention that voluntary post-polygraph statements to the polygraph operator are admissible. Burch, supra, involved a situation where the defendant, upon being told that he failed a polygraph examination (which turned out to be a pretended examination) and that he lied when he denied the killing, confessed in detail to the killing. His confession was held to be admissible by this Court.
We have considered the other points raised by petitioner and find them to be likewise without merit.
Accordingly, the decision of the District Court is approved; to the extent that Cunningham, supra, is inconsistent herewith, it is overruled; and the writ heretofore issued is discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and HATCHETT, JJ., concur.