359 So.2d 881 (1978)
Joseph ROTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2357.
District Court of Appeal of Florida, Third District.
May 9, 1978.
Rehearing Denied July 7, 1978.
*882 Virgin, Whittle & Popper and Thomas J. Morgan, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Margarita Esquiroz, and John C. Moppert, Asst. Attys. Gen., for appellee.
Before HAVERFIELD, C.J., PEARSON, J. and CRAWFORD, GRADY, L., (Ret.) Associate Judge.
PER CURIAM.
The appellant, defendant in the trial court, was indicted for the first degree murder of his wife, tried by jury and found guilty. He takes this appeal from a judgment of conviction and sentence to life imprisonment in the state penitentiary.
The record reflects that the defendant voluntarily took a polygraph examination based upon the advice of his attorney who was present upon the occasion. By agreement between the state attorney and defendant's counsel, "the result of the test" would not be made known to the jury by either side. The actual agreement and the exact terms of the same are not clear, but the trial judge, after hearing the conflicting evidence concerning such agreement, denied defendant's oral motion to suppress or exclude statements made by the defendant during the interview that preceded the examination. Neither the fact that a test occurred, nor its result, was made known to the jury.
At most, the testimony given by the witnesses gave rise to conflicts in the proof presented. The resolution of such conflict was properly for the trial judge, within whose province it was to judge the credibility of witnesses and the weight of the testimony. Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975); Reynolds v. State, 222 So.2d 246 (Fla. 3d DCA 1969). It is well recognized that the burden on the prosecution to prove the "voluntariness" of a statement or confession made by the defendant is not by proof beyond a reasonable doubt, but by a mere preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); Johnson v. State, 294 So.2d 69 (Fla. 1974); Johnston v. State, 257 So.2d 94 (Fla. 3d DCA 1972); State v. Harris, 276 So.2d 845 (Fla. 4th DCA 1973).
In short, the record in the instant case sufficiently sustains the trial court's conclusions that the statements made during the pre-test interview were admissible at the defendant's trial. See Hostzclaw v. State, 351 So.2d 970 (Fla. 1977); Burch v. State, 343 So.2d 831 (Fla. 1977); People v. Mason, 29 Ill. App.3d 121, 329 N.E.2d 794, 798 (Ill. App. 1975); Johnson v. State, 166 So.2d 798 (Fla. 2d DCA 1964).
A reading of the record in this case leads this court to the conclusion that the admissibility of the statements given by the defendant during the pre-test interview would not, in any event, constitute reversible error where the statements made were similar to, or the same as, other unquestioned statements previously made by the defendant to other members of his family.
The United States Supreme Court and the Florida Supreme Court both have held that the admission of a confession or an incriminating statement made by an accused can be harmless error where there is other evidence of guilt, particularly other confessions or statements made by the accused that are unchallenged or unquestioned. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Thompson v. State, 328 So.2d 1 (Fla. 1976).
In essence, the defendant had previously told members of his own family the same story that he told the interviewer during the interview that preceded the polygraph examination. The statement given by the defendant then, and the statements given by the defendant to both his daughter and his son-in-law, were essentially similar in content and were basically self-serving in nature. In all of his statements the defendant denied having killed his wife. The admissibility of the defendant's conversation with family members is unquestioned.
The defendant also challenges the correctness of the trial court's ruling in denying his motion for judgment of acquittal. The record reveals that the trial court *883 was correct in submitting the case to the jury for its determination. From the evidence presented, the jury could reasonably conclude that the victim was not capable of committing suicide in such a bizarre manner, and that the defendant was entirely capable of committing murder in that fashion. Clearly, there was at the least, one view which the jury could lawfully take of the evidence which could be sustained under the law, and under which they could find to the exclusion of every reasonable hypothesis that the defendant had killed his wife. Under such circumstances, the trial court was correct in submitting the case to the jury and denying the defendant's motion for judgment of acquittal. See Lynch v. State, 293 So.2d 44, 45 (Fla. 1974); Byrd v. State, 297 So.2d 22 (Fla. 1974); Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974).
Affirmed.