PER CURIAM.
Darrell M. Agrella pled nolo contendere to an information charging him with murder in the second degree, robbery and burglary. He reserved his right to appeal “based upon each motion that had been filedt[1]! ” The issues raised are (1) whether the trial court erred in denying the defendant’s motion for discharge because of pretrial publicity and (2) whether the defendant’s right to a speedy trial was violated even though he waived a speedy trial in order to minimize pretrial publicity.
Agrella was informed against for crimes growing out of the same criminal transactions for which Ronny A. Zamora was separately tried. Zamora’s subsequent appeal to this court is reported at 361 So.2d 776 (Fla. 3d DCA 1978). Zamora’s trial, which began in late September of 1977, was televised pursuant to Experimental Canon 3 A(7), Code of Judicial Conduct of the State of Florida. Agrella filed his motion for discharge on October 7, 1977. He alleged that the pretrial publicity in his case resulting from Zamora’s televised trial, with the broadcast and rebroadcast of that trial, created conditions under which he (Agrella) could not receive a fair trial. He relies on this argument alone. He presumes that it was the duty of the trial court to take judicial notice of the prejudice he claims was created in the community, state and nation against him by the widespread broadcast of the Zamora trial. There was no attempt at jury selection; there was no trial. Other than our presumed duty to believe that there was prejudice, there is no evidence in the record for this court to consider.
A claimed constitutional right to a television-free trial has already been rejected by this court. See Chandler v. State, 366 So.2d 64 (Fla. 3d DCA 1978). An appellant who alleges error in the trial court must show such error in the record. See Marks v. Insurance Service Bureau, Inc., 262 So.2d 450 (Fla. 3d DCA 1972); see also Bryant v. State, 204 So.2d 9 (Fla. 3d DCA 1967). It follows that a point claiming that an accused should have been discharged because of pretrial publicity in another case carries with it the burden of presenting facts to the trial court raising the issue. There being no facts in this record, we cannot find error. Cf. Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976); and Murphy v. State, 252 So.2d 385 (Fla. 3d DCA 1971).
Affirmed.

. While we cannot approve a reservation other than one that is specific and based on a question of law, nevertheless, for the purpose of this appeal, we accept the reservation as the trial court did. But see Hand v. State, 334 So.2d 601 (Fla.1976).