379 So.2d 408 (1980)
Leon Stanley FIELDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-858.
District Court of Appeal of Florida, Third District.
January 29, 1980.
*409 Mark J. Friedman, Miami Beach, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., and Clifford M. Miller, Legal Intern, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
Defendant appeals his conviction for: (1) lewd and lascivious assault upon a child under the age of fourteen as denounced by Section 800.04, Florida Statutes (1977); and (2) child abuse as condemned by Section 827.04, Florida Statutes (1977).
He contends that the trial court erred by denying his motion for discovery of psychiatric records of the minor female victim. The motion was filed on March 5, 1979. A hearing on the motion was held on March 13, 1979, just prior to the commencement of the trial. At the hearing, the defense brought to the court's attention the possible existence of such records. The defendant knew of the existence of the material prior to trial but did not seek an order requiring the state to furnish the information, nor did he seek a motion for continuance following the denial of his request. In light of the above, we agree with the trial court that the request came too late. Cooper v. State, 356 So.2d 911 (Fla. 3d DCA 1978); Yanetta v. State, 320 So.2d 23 (Fla. 3d DCA 1975); Wilcox v. State, 299 So.2d 48 (Fla. 3d DCA 1974).
Interrelated to the defendant's challenge to the denial of discovery of the victim's psychiatric records is a further contention that the trial court unduly restricted cross-examination of the minor female victim as to whether she had in fact been so evaluated. Appellant contends the trial court erred in sustaining an objection to this proffered question based upon Hawkins v. State, 326 So.2d 229 (Fla. 2d DCA 1976) and United States v. Partin, 493 F.2d 750 (5th Cir.1974). Those cases permit the testimony of an analyst or other expert to show that due to emotional or psychiatric disturbance the truth and veracity of an important witness is questionable. Consequently, absent a proffer that the defendant would call the expert to render such testimony, the question as put to the minor victim was irrelevant and inadmissible and the objection was properly sustained.[1]Roberts v. State, 94 Fla. 149, 113 So. 726 (1927); Mitchell v. State, 321 So.2d 108 (Fla. 1st DCA 1975).
Defendant also contends that the trial court erred in denying separate motions for mistrial and for a new trial due to the admission of collateral crimes contrary to the rule in Williams v. State, 110 So.2d 654 (Fla. 1959). In order to focus upon this contention, it is important to observe that defendant had previously been charged with committing essentially the same crimes against the same victim for a period commencing as early as January 1974 or since the child was approximately ten years of age. This 1977 information was subsequently nol-prossed due to the disappearance of the victim. The information upon which the state proceeded had been filed in January 1979 and additionally charged the defendant with tampering with the witness in violation of Section 918.14, Florida Statutes (1977). In order to prevent a possible violation of the Williams rule, the alert trial judge wisely severed this issue for trial.
In his next point on appeal, defendant maintains that the fragments of evidence, both separately and collectively, formed a mosaic which telegraphed to the jury the commission of collateral crimes. The first such statement, of those preserved for appeal, came from one of the state's witnesses who testified that he had seen the victim during a "hearing" and at an "arraignment." The second is from a friend and roommate of the defendant's daughter *410 who was called to testify concerning defendant's relationship with the victim wherein he made an ill-advised response to a question stating: "Well, the state had a case ..." The court sustained a prompt objection before the witness could further answer. The third fragment in the mosaic was the testimony of the minor victim who stated that the defendant was going to purchase a ticket for her and her friend so that they could spend time up north "until after the court was over."
Considered separately or cumulatively, these vague and ambiguous statements were not so prejudicial as to warrant a mistrial. The plain implication to a jury, if any, was in reference to the defendant's then present plight rather than his former prosecution. The trial court properly denied the motion for mistrial. Sykes v. State, 329 So.2d 356 (Fla. 1st DCA 1976); Flowers v. State, 351 So.2d 764 (Fla. 3d DCA 1977).
The other testimony tending to show commission of a collateral criminal activity by the defendant was that of the minor female victim who stated that she had spoken to the defendant's daughter in a foster home at one point "right after her father had got out of jail." No objection to this statement was made; therefore, the matter was not preserved for appeal. Castor v. State, 365 So.2d 701 (Fla. 1978). Further, no motion for mistrial was made. Clark v. State, 363 So.2d 331 (Fla. 1978). The final piece in this mosaic of evidence complained of by the defendant was the testimony of the minor female victim that she commenced having sexual relations with the defendant at the age of ten. A timely objection was promptly sustained following which the court gave a curative instruction with respect to both of the above statements of the prosecutrix which was sufficient to remedy the situation. Romero v. State, 341 So.2d 263 (Fla. 3d DCA 1977); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974). The cumulative effect of all of the statements has been considered and we find no real or substantial prejudice to the defendant. However, any prejudice which might have inured to the defendant's detriment was overcome by his testimony and admission to having had sexual relations with the minor victim. Consequently, followed by the defendant's testimony, the victim's latter statement was merely cumulative and constituted harmless error. § 924.33, Fla. Stat. (1977). With this revelation by the defendant, his guilt became evident rendering evidence of other crimes harmless. Hamilton v. State, 356 So.2d 30 (Fla. 3d DCA 1978); Taylor v. State, 289 So.2d 421 (Fla. 3d DCA 1974).
For the foregoing reasons, the judgment of conviction is affirmed.
NOTES
[1] In practice, the problem is compounded by the question as to whether the analyst's or other expert's testimony is privileged. See §§ 90.242, 827.07(11), Fla. Stat. (1977).