387 So.2d 512 (1980)
Irvin M. YOUNG and Richard M. Campbell, Appellants,
v.
STATE of Florida, Appellee.
No. TT-163.
District Court of Appeal of Florida, First District.
August 28, 1980.
Marlin Feagle, Lake City, for appellants.
Jim Smith, Atty. Gen., Miguel Olivella, Asst. Atty. Gen., Jerry Blair, State Atty., for appellee.
PER CURIAM.
Appellants seek review of their convictions and sentences, after a joint trial, for unlawful possession of cannabis. We find no merit in appellants' contention that consent to search was involuntary, and affirm the denial of their motion to suppress the evidence so obtained. We conclude, however, that error is shown in the admission of certain evidence and reverse on that ground.
Appellant Campbell submitted to a polygraph examination and the parties stipulated that the results of the examination could be admitted into evidence. The parties also stipulated that the examiner could testify regarding his opinion as to the results of the examination. At trial the examiner testified that in his opinion the appellant had answered truthfully during the examination. The state then presented, over appellants' objection, the contrary opinions of two other polygraph experts.
Unless stipulated by the parties, polygraph evidence is inadmissible in Florida. Cumbie v. State, 327 So.2d 67 (Fla. 1st DCA 1976); Moore v. State, 299 So.2d 119 (Fla. 3rd DCA 1974). The scope of the stipulation in the present case embraced only the examination itself and the testimony of the examining expert; it was error to admit into evidence over appellants' objection, *513 the testimony of the state's additional experts. Cf., Cumbie. These additional experts rendered contrary opinions based on the same material facts as those considered by the examining expert; such testimony was not impeachment evidence, as the state contends, but rather was independent substantive proof and not properly admissible.
The judgment and sentences are reversed and the cause remanded for further proceedings.
McCORD and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.