400 So.2d 138 (1981)
Gregory D. BURKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1030.
District Court of Appeal of Florida, Fifth District.
June 17, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
*139 Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant Burkett appeals from the jury verdict of guilty and from the sentence imposed after adjudication. His present appointed counsel (not his original appellate counsel) has filed an Anders brief.[1] Burkett has filed his own supplemental brief.
A verdict is not appealable. Smith v. State, 395 So.2d 575 (Fla.5th DCA 1981).
Burkett argues on this appeal that the trial court erred in the sentencing by: (1) directly entering into the plea discussions; and (2) sentencing Burkett to a sentence following trial that was greater than the sentence the trial court had indicated it would impose on a plea bargain that Burkett rejected.
In federal court, a judge is prohibited from assuming the role of an active negotiator in the plea bargaining process. Fed.R.Crim.P. 11(e)(1); Blackmon v. Wainwright, 608 F.2d 183 (5th Cir.1980). However, Florida's rule relating to plea discussions and agreements does not prohibit court participation in plea discussions. Fla. R.Crim.P. 3.171.
Differential sentencing has been approved by the United States Supreme Court to the extent that a trial court may impose a lesser sentence upon a defendant who pleads guilty rather than going to trial. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). However, it is improper for a trial court to threaten a defendant that it will give him the maximum that can be imposed if he goes to trial rather than pleading guilty. Williams v. State, 316 So.2d 267 (Fla. 1975); Euziere v. United States, 249 F.2d 293 (10th Cir.1957). There is nothing in the record of the case at hand that shows any such improper threat.
The appeal of the verdict is dismissed and the sentence is affirmed.
DISMISSED in part; AFFIRMED in part.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).