ORFINGER, Judge.
A jury found appellant guilty of the crime of sexual battery upon his daughter. He contends that the trial court erred in admitting evidence of a polygraph examination given him based on a stipulation, and in admitting his inculpatory statement made to the polygraph examiner following the examination. We affirm.
Appellant had initially been charged with sexual battery upon his two daughters. Prior to trial of these charges, appellant and the State entered into a written stipulation that appellant would submit to a *1251 polygraph examination,[1] that the results would be admissible in evidence and that the charges would be tried together. On the day set for trial, the State sought by motion to expand the time frame during which it alleged the various incidents took place, and when the motion was denied, the State nolle prossed both informations. A new information was filed the next day alleging sexual battery against the older daughter, resulting in the conviction here.
Appellant’s first contention is that since the stipulation for the polygraph examination provided that the results would be used only in a joint trial of charges involving both daughters, it cannot be used in a trial of charges involving only one daughter. Appellant relies on Young v. State, 387 So.2d 512 (Fla. 1st DC A 1980) for the proposition that evidence of a polygraph examination taken pursuant to a stipulation is limited only to what was stipulated and no more.
We do not find any violation of the stipulation. Although the stipulation agrees to a joint trial, we find neither a direct reference nor any inference from the language used that the results could be introduced only at a joint trial. The examination was given three times. During the last examination, appellant conceded that both his daughters were telling the truth. Questions asked of appellant by the polygraph examiner relating to the other daughter were deleted from the report, and since appellant conceded that both daughters had told the truth, no prejudice to appellant is shown.
Appellant’s voluntary confession to the examiner made after the examination was over, was properly admitted. Hostzclaw v. State, 351 So.2d 970 (Fla.1977). There was ample evidence, aside from the polygraph results and the confession to sustain the conviction. We have considered appellant’s remaining point and find it without merit.
AFFIRMED.
DAUKSCH, C. J., and SHARP, J., concur.

. Excluding the formal parts, the stipulation, captioned as to both informations, provided:
IT IS HEREBY STIPULATED AND AGREED that the Defendant, GEORGE FRANCIS WATERMAN, would participate in the taking of a polygraph examination; that the results of said polygraph examination would be admissible in evidence at trial of these matters; that results of the polygraph examination are to include any and all parts of the examination procedure; that the above two charges are to be consolidated for trial so that both charges will be tried, heard and resolved in one trial by one jury on December 9, 1980.