HOBSON, Acting Chief Judge.
Appellant wife appeals a judgment which modified appellee husband’s visitation privileges with the parties’ minor daughter.
The parties’ marriage was dissolved in September, 1979. Custody of the child was awarded to the wife. The wife claimed that the husband had sexually molested the child, and allegation which the husband denied. Both parties agreed to submit to polygraph tests and stipulated that the results of each test would be admissible at the final hearing. The polygraph tests were administered on August 21, 1979, by a Mr. Williams. His report indicated that the charges of sexual abuse were true. On August 29,1979, the husband took a second polygraph test administered by a Mr. Davis. The following day at final hearing the results of the first polygraph test were admitted into evidence as stipulated and considered by the court. At the conclusion of the hearing, the husband’s counsel stated that his witness, Mr. Davis, was unable to be present at the hearing and requested a continuance in order to receive his testimony. The court replied:
THE COURT: ....
On the ruling of the Court, is there anything further, Mr. Park? The Court would acknowledge that you have suggested that you have an additional witness to testify on the test given to your client, the Stress Evaluation but that witness is not here today and cannot be here today. The Court will not continue the case further to have the witness brought in but, advises you that in as much [sic] as the visitation rights — the rights concerning visitation will be subject to a further hearing if necessary. You may bring in that witness, at that time.
Husband and wife agreed that the issue of visitation could be addressed at a later hearing, and the court entered a final judgment of dissolution which stated in paragraph 10:
That the Court retains jurisdiction of this cause for the purpose of entering further orders pertaining to visitation as may become necessary as a result of any further evidence presented to this Court and further, in order to enforce the executory provisions of this Judgment.
The judgment allowed the husband weekly visits with the child, but only in the presence of the wife.
*368 Six months later, the husband file a supplemental petition for modification of the visitation privilege. At hearing, over the wife’s objection, the court admitted into evidence the results of the second polygraph test which indicated that the husband’s denial of sexual abuse was true. At the conclusion of the hearing, the court entered a final judgment modifying the visitation privilege to allow the husband to exercise visitation in the presence of persons other than the wife.
The husband contends that the admission of the results of the second polygraph test was proper because the parties had so stipulated and the court had agreed at the original hearing to permit Mr. Davis to testify at a later date. We have examined the record in some detail and are unable to detect any stipulation, written or oral, which would permit the second test results to be admitted. Unless stipulated by the parties, polygraph evidence is inadmissible in Florida. Young v. State, 387 So.2d 512, 513 (Fla. 1st DCA 1980).
We hold that the trial court committed reversible error in admitting the second test results into evidence. We reverse the final judgment on the husband’s petition for modification of visitation, reinstate the original temporary visitation order, and remand the cause for a further hearing. In view of the fact that the original visitation order was of a temporary nature and contemplated further action by the trial court, the husband on remand will not have the burden of showing a change of circumstance in order to seek a modification of visitation. The hearing on remand will be de novo, and the parties may utilize whatever evidence is already in the record as well as any further testimony which may properly be brought before the court.
REVERSED and REMANDED.
GRIMES and DANAHY, JJ., concur.