PER CURIAM.
Appellant, defendant below, was convicted of second degree murder with a weapon and grand theft. He was sentenced to life imprisonment on the murder conviction and five years on the grand theft to run concurrently. Defendant raises three points on appeal. We conclude that no error has been shown. .
Defendant first contends that he was denied his constitutional rights to compulsory process, confrontation and cross-examination when the trial court limited his impeachment of a State witness. The witness, defendant’s former cellmate, testified to two conversations with appellant in which appellant made admissions regarding the murder.[1] Impeachment was allowed as to the witness’ pre-incarceration heavy drug use, prior convictions, state of mind and purpose for testifying. The defendant also sought to impeach by asking the witness about certain delusions he had experienced, which occurred six months after defendant’s incriminating conversations in the jail cell, and almost a year and a half before the witness testified at trial. The trial court permitted inquiry regarding whether the witness was experiencing any delusion at the time of testifying, or had experienced any delusions at the time of the incriminating statements by defendant. The trial court excluded other testimony relating to the delusions.
The applicable principle is that:
If the witness’ mental capacity is being attacked, evidence of the lack of capacity must relate either to his capacity at the • time of the occurrence of the facts about which the witness is testifying or to his capacity at the time of trial. Only evidence relating to those two periods of time is relevant.
C. Ehrhardt, Florida Evidence § 608.6 (2d ed. 1984) (footnote omitted); cf. Edwards v. State, 548 So.2d 656, 658 (Fla.1989) (Evidence of drug use for the purpose of im *1167 peachment is excluded unless: (a) it can be shown that the witness had been using drugs at or about the time of the incident which is the subject of the witness’ testimony; (b) it can be shown that the witness is using drugs at or about the time of the testimony itself; or (c) it is expressly shown by other relevant evidence that the prior drug use affects the witness’ ability to observe, remember and recount.
In the present case, the delusions were not contemporaneous with either the jail-cell conversations, or with the witness’ testimony. Evidence of the delusions could nonetheless be admitted, if it were shown by other relevant evidence that the delusions had affected the witness’ ability to observe, remember, and recount. There was no such showing. Exclusion of the testimony was within the discretion of the trial court. See Clark v. State, 379 So.2d 97, 102 (Fla.1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981); Fields v. State, 379 So.2d 408, 409 (Fla. 3d DCA 1980).
Defendant next urges that the trial court violated his privilege against self-incrimination by excluding the testimony of a defense psychologist. Defendant had exercised his fifth amendment right to remain silent. At trial, defendant proffered the testimony of the psychologist to show that defendant suffered from post-traumatic stress disorder stemming from the murder of defendant’s closest friend when defendant was eight or nine years old, and that the disorder contributed to the defendant’s actions in effecting the murder. The record indicates that the trial court would have permitted the psychologist to testify if defendant had laid a predicate on which the psychologist’s opinion could be based. Defendant did not do so, having introduced no independent evidence regarding the childhood murder and defendant’s relationship with its victim.
For present purposes we assume, but do not decide, that the evidence of post-traumatic stress disorder was admissible, upon a proper predicate, to assist in explaining the defendant’s conduct on the occasion in question. See Kruse v. State, 483 So.2d 1383, 1386 (Fla. 4th DCA 1986), review dismissed, 507 So.2d 588 (Fla.1987).[2] By definition such expert testimony must be intended to explain the evidence offered at trial. Id.; see §§ 90.105(2), 90.702, Fla. Stat. (1987). See generally Holsworth v. State, 522 So.2d 348 (Fla.1988); Cirack v. State, 201 So.2d 706 (Fla.1967); Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), cause dismissed, 488 So.2d 830 (Fla.1986); Smith v. State, 314 So.2d 226 (Fla. 4th DCA 1975), cert. denied, 345 So.2d 427 (Fla.1976), cert. discharged, 343 So.2d 598 (Fla.1977); Martin v. State, 218 So.2d 195 (Fla. 3d DCA 1969). We conclude that the exclusion of the testimony was correct and that, contrary to defendant’s assertions, the ruling did not violate the defendant’s confrontation rights as construed in Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
Finally, defendant claims that, in view of the trial court’s pretrial offer of a plea to second degree murder with a sentence of thirteen years, only the court’s vindictiveness for defendant’s having gone to trial could explain the life sentence imposed upon his conviction. Defendant, however, rejected the offer which was expressly made by the trial court in order to spare the victim’s family the ordeal of trial. As a consequence, since defendant has failed to show any specific evidence of vindictiveness or punitive action, he may not now complain that he received a heavier sentence after trial. See Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982); Burkett v. State, 400 So.2d 138 (Fla. 5th DCA 1981).
Affirmed.

. The defendant, who did not testify, relied on a claim of self-defense.

. The evidence was not offered in order to establish diminished capacity to negate the specific intent element of the first degree murder charge, an approach prohibited by Chestnut v. State, 538 So.2d 820 (Fla.1989).