ANTOON, C.J.
James Darby appeals his convictions which were imposed by the trial court after a jury found him guilty of committing *1070 several crimes including armed robbery, shooting into a building, and aggravated assault on a law enforcement officer. Finding no merit in any of his claims of reversible error, we affirm Mr. Darby’s convictions and sentences.
Mr. Darby raises three claims of trial error. First, he argues that the trial court abused its discretion by threatening the state’s main witness, Mr. Darby’s accomplice in the charged robbery, with contempt if he refused to testify against Mr. Darby as he had agreed to do as a condition of his plea bargain. However, no abuse of discretion occurred in this case because the trial court properly conducted the discussion concerning the ramifications resulting from the witness’s refusal to testify while the jury was excused, and the court also allowed the witness to confer with his attorney before retaking the stand and submitting his testimony. Cf Hankerson v. State, 347 So.2d 744 (Fla. 4th DCA 1977). In a related claim, Mr. Darby contends that he was denied the right to adequately cross examine the state’s main witness on both his mental state and the terms of his plea bargain. Our review of the record reveals that Mr. Darby failed to submit a proper proffer of the evidence concerning the witness’s alleged mental illness, and that the jury was fully informed of the terms of the witness’s plea bargain. Accordingly, we also reject this claim of error as meritless.
Next, Mr. Darby argues that the trial court erred in denying his in-trial request for a continuance. Following the close of the state’s case, defense counsel requested a continuance in order to locate an alibi witness and an impeachment witness. The trial was conducted on a Friday, and defense counsel requested that the court continue the trial until the following Monday. The trial court refused to continue the trial, explaining that the matter had been already continued seven times and that the court had specifically instructed defense counsel to have his witnesses ready to go on that date. A trial court’s ruling denying a request for a continuance will not be disturbed on appeal unless a palpable abuse of discretion is demonstrated. See Jent v. State, 408 So.2d 1024 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). We find no abuse under these facts.
Lastly, Mr. Darby argues that the trial court erred in allowing the state to amend its information to include the fact that some of the alleged crimes took place both in Orange County and Seminole County. We disagree. The “state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant.” State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989) (citing to Lackos v. State, 339 So.2d 217 (Fla.1976)). Here, Mr. Darby has failed to articulate any prejudice suffered by him as a result of the amendments to the information.
In closing we note that, while the trial court properly determined that imposition of a sentence on the jury’s verdict of guilt on the charge of both grand theft and robbery would constitute double jeopardy, the court did not vacate the conviction entered on the grand theft charge. As the trial court verbally acknowledged during the sentencing hearing, Mr. Darby’s conviction on the charge of grand theft must be vacated; therefore, we remand this matter to the trial court with instructions to do so. See Sessler v. State, 740 So.2d 587 (Fla. 5th DCA 1999); see also Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998).
JUDGMENTS AFFIRMED in part; VACATED in part; CAUSE REMANDED. SENTENCES AFFIRMED.
HARRIS and PETERSON, JJ„ concur.