WHATLEY, Judge.
Randal Lee Trainor appeals his convictions for one count of sexual battery and three counts of lewd and lascivious acts. He argues that evidence concerning the victim’s mental health was improperly excluded and that the State made several improper comments during the trial. We affirm.
Before trial, the State agreed that the jury was entitled to know that the victim was diagnosed as severely emotionally disturbed, that he had a prior diagnosis of attention deficit disorder, and that he was currently on medication, Prozac. However, Trainor also sought to admit into evidence the victim’s Charter Hospital records, where he was apparently treated pursuant to the Baker Act, and the victim’s other mental health records associated with the hospitalization. See § 394.463, Fla. Stat. (1995). The hospitalization occurred approximately two years before the date of the offenses.
Our review of the record reveals that Trainor’s defense counsel failed to submit a sufficient proffer in the record on which to evaluate his appellate claim that the trial court improperly excluded the records. Therefore, the only “evidence” we have concerning the content of the records is defense counsel’s representations to the trial court. See Darby v. State, 748 So.2d 1069 (Fla. 5th DCA 1999) (holding that the appellant failed to submit a proper proffer concerning the witness’s alleged mental illness).
Even if we were to accept defense counsel’s allegations as true, counsel did not argue that the victim’s records showed that his mental capacity would in any way affect the truth or falsity of his testimony. In Hawkins v. State, 326 So.2d 229, 231 (Fla. 2d DCA 1976), this court held that psychiatric testimony suggesting that the victim’s propensity to tell the truth was affected by her mental and emotional condition was relevant and admissible to impeach her credibility. In the present case, the trial court correctly noted that any evidence that the victim’s mental capacity affected his propensity to tell the truth would be admissible. However, defense counsel was unable to cite to any such evidence in the victim’s records.
Further, Trainor’s trial counsel did not argue that the victim’s records would show that he suffered from a mental condition at the time of the incident or at the time of trial and that such condition affected his ability to observe, remember, and accurately recount the matters about which he testified. See Tullis v. State, 556 So.2d 1165 (Fla. 3d DCA 1990); Gamble v. State, 492 So.2d 1132 (Fla. 5th DCA 1986).
Finally, as Trainor concedes, his trial attorney failed to object to any of the State’s comments that he now contends were improper. Therefore, this issue has not been properly preserved for appeal.
Accordingly, Trainor’s convictions and sentences are affirmed. Our decision rejecting his points on appeal is without prejudice to Trainor’s raising a timely claim for postconviction relief under Florida Rule of Criminal Procedure 3.850.
PATTERSON, C.J., and FULMER, J., Concur.