JOHNSON, Judge.
Appellant seeks reversal of his conviction in a jury trial on charges of rape for which he was sentenced to twenty-five years imprisonment.
The sole question for our determination is whether the trial court erred in denying the motion made by appellant during his trial to produce the prior statements made to the police and the state attorney by a codefendant for the purpose of determining whether said prior statements were inconsistent with said codefendant’s testimony at appellant’s trial.
Appellant, along with three others, was indicted for rape and trial was severed as to each of the defendants. The record indicates that appellant made a pretrial motion for a statement of particulars, production of confessions or statements, and discovery; and said motion was granted on June 11, 1972. For some reason not indicated by the record or the briefs of the parties herein, appellant apparently did not obtain the prior statements made by code-fendant Anderson, During the trial of appellant, defense counsel moved for the production of said statements when Anderson was called upon by the State to testify. The motion was denied and appellant now contends that this constituted reversible error.
We do not agree. First, appellant's pretrial motions for discovery and production of statements having been granted, appellant cannot now complain of his failure to utilize and pursue said discovery procedures available to him. As stated in State v. Gillespie, 227 So.2d 550 at 553 (Fla. App.2nd, 1969):
“ . . .no intelligent concept of fairness has ever been advanced which would require one side of a judicial controversy to prepare the case for his adversary [or to furnish such adversary] with evidence favorable to him when such evidence is otherwise reasonably available(Emphasis supplied.)
Appellant, having failed to pursue the discovery procedures available to him and having failed to demonstrate that the information sought by the motion to produce presently under consideration was not otherwise available to him, has failed to demonstrate reversible error herein.
And second, the record amply demonstrates that the additional evidence against appellant, other than the witness Anderson’s testimony, was overwhelmingly sufficient to sustain the jury’s verdict against appellant. Hence, the error complained of herein, if any there be, was certainly harmless.
Accordingly, the judgment appealed herein is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.