299 So.2d 48 (1974)
William O. WILCOX, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1179.
District Court of Appeal of Florida, Third District.
September 3, 1974.
*49 Bretan, Marks, Attias & Raskin, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and William L. Rogers and Steven V. Rosin, Asst. Attys. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant was found guilty by a jury upon three counts of robbery, judgment was entered, and appellant was sentenced to fifteen years in the state penitentiary. On appeal, appellant urges reversal upon three points.
Appellant's first point urges that he was denied a constitutional right to discover evidence favorable to his plea of not guilty when the court denied his motion made at the conclusion of the State's case to require the State to produce the following: (1) the court reporter's transcript of the line-up identification, (2) all police records pertaining to a certain officer's participation in the investigation and prosecution, (3) complete police reports, (4) complete depositions, and (5) the total work product of the prosecuting attorney as reflected by his trial file. Appellant claims that he was entitled to all of these items upon an oral demand at the conclusion of the State's case under the holding of the United States Supreme Court in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We hold that the motion was untimely made and no predicate had been laid for the production of the various items. See State v. Gillespie, Fla.App. 1969, 227 So.2d 550.
It should be noted that the appellant had failed to utilize or pursue available discovery procedures before trial to secure any of these items. There is no basis in this record to indicate that any of the items demanded would have been favorable to the defendant. The attempt to delay the cause during trial by a fishing expedition into the prosecution's files was properly denied by the trial judge. See Kelsey v. State, Fla.App. 1972, 267 So.2d 685.
There is no doubt that the prosecution has the affirmative duty to disclose to the defendant any material information tending to negate guilt, but here there is nothing in the record to indicate such a possibility. No error has been demonstrated.
Appellant's second point claims a failure to instruct the jury properly upon a lesser included offense. The charge upon *50 simple assault should have been given but the failure to include that crime was rendered harmless by the jury returning a verdict of guilty of robbery after being given instructions upon four lesser included offenses. See DeLaine v. State, Fla. App. 1970, 230 So.2d 168 and Blackman v. State, Fla.App. 1972, 265 So.2d 734.
Appellant's third point urges that he should have been granted a mistrial because during trial the prosecutor utilized certain photographs identified but not introduced into evidence. There was no request for a curative instruction. See Morris v. State, 100 Fla. 850, 130 So. 582 (1930). Further, it appears from the record that the photographs were not introduced into evidence because after identification the defendant objected to their introduction. No error appears.
Affirmed.