341 So.2d 780 (1976)
William BRISKIN a/K/a William Bennett, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-188.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Rehearing Denied February 7, 1977.
*781 Arthur Massey, Thomas F. Almon, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Sidney M. Pertnoy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
William Briskin, defendant below, was convicted after a jury trial of one count of possession of a stolen motor vehicle, a felony, and five counts of temporary and unauthorized use of a motor vehicle, which is a misdemeanor. He had originally been charged with six counts of possession of stolen automobiles.
Defendant bases his appeal on numerous grounds: an allegedly improper jury instruction; the trial court's failure to instruct the jury as to several elements of the crimes charged; improper remarks by the prosecution during closing argument; the trial court's failure to grant a new trial where the jury's findings were inconsistent; the trial court's failure to grant defendant's motion for acquittal where the evidence was insufficient to sustain the felony conviction; and, finally, the trial court's failure to allow defense counsel to look at police files which the defendant claims were pertinent to his defense.
Since we believe that the latter alleged error constitutes grounds for reversal, it will be considered first. During defendant's trial, the state presented evidence showing that the six automobiles named in the information had been stolen from dealerships in Maryland and Florida. All were later recovered in Dade County. Five were in the possession of individuals who testified that they had purchased the cars through the defendant. The sixth automobile was found in the defendant's possession.
The defendant admitted that he had found purchasers for the cars, but he denied that he knew that they were stolen. He testified that all of the automobiles were procured through one William Becker, who *782 was purportedly in the automobile business in Maryland. According to the defendant, Becker took care of all the necessary arrangements concerning the automobiles, including the preparation of registration papers and bills of sale.
One of the State's witnesses, a sergeant with the Dade County Public Safety Department, disclosed during his testimony that charges had been filed against Becker which were similar to those filed against the defendant herein. Later during the trial, another detective with the Public Safety Department, Detective Dazevedo, was questioned by defendant's counsel with respect to certain files which the officer was using to refresh his recollection. One of the files contained information on Becker, but Detective Dazevedo stated that the file on Becker had nothing to do with the case against the defendant Briskin.
Defendant's counsel demanded discovery of the information contained in the files for the benefit of his client, but the trial court denied his request, apparently because the file on Becker did not directly relate to any of the stolen automobiles involved in the defendant's trial.
Although the trial court briefly examined Detective Dazevedo's files before determining that they were not material to the defendant's case, we feel that a more thorough inspection was warranted under the circumstances.
In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that a prosecutor's suppression of material evidence which is favorable to an accused's case violated due process. However, the State herein argues that the files used by Detective Dazevedo were not subject to Brady disclosure, citing Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). The Moore case stressed that the prosecution was not constitutionally required to make "a complete and detailed accounting to the defense of all police investigatory work" on a particular case. Moore, supra, 408 U.S. at 795, 92 S.Ct. at 2568. Rather, the critical factors are the character of the evidence and its materiality to the defendant's case.
The State somewhat casually dismisses the defendant's request for the file on Becker as a fishing expedition, noting that defense counsel stated at trial that there might be something in the files which would be beneficial to his client. The State further attempts to support its contention that Brady disclosure was not applicable herein by citing the fact that the files did not contain any evidence relating to the particular vehicles involved at the trial or the defendant himself. This argument begs the Brady question.
The defendant continuously maintained that he had no knowledge that the automobiles had been stolen. Yet both of the crimes of which he was convicted require some degree of knowledge or intent. Under former Florida Statutes § 814.03(2), it is a crime for any person to have a motor vehicle in his possession "which he knows or has reason to believe has been stolen." (Emphasis added.) Similarly, Florida Statutes § 812.041, involving temporary unauthorized use of a motor vehicle, is not applicable where the automobile is used with the presumed consent of the owner. Cf. Stewart v. State, 187 So.2d 358 (Fla. 1st DCA 1966). Under these circumstances, it can hardly be said that the State's file on Becker was not material to the defendant's case. The fact that a warrant had been issued for Becker's arrest on charges which were similar to those filed against the defendant should have been sufficient to allow discovery in light of the defendant's claim that he was "conned" along with all of the others who purchased automobiles from Becker. As the United State Supreme Court recently noted, "there are situations in which evidence is obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request." United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The Agurs court cautioned that the omitted material should be examined in the context of the entire record to determine whether it reflected *783 upon the defendant's guilt. If there is no reasonable doubt as to the defendant's guilt whether or not the additional evidence is considered, then no reversible error has been committed.
We are of the opinion that the defendant's counsel should have been permitted to examine the police file on Becker to the extent that it had any bearing on the defendant's claimed lack of knowledge that the automobiles in question had been stolen. This is not to say that the file should have merely been surrendered to the defense counsel. The trial court should have made a thorough inspection of the requested material; the ultimate determination as to its susceptibility to discovery by the defendant should have been based upon the test enumerated above, not the simple fact that the file did not directly relate to any of the cars involved at the trial or to the defendant himself.
Since the remainder of the defendant's points on appeal concern issues which are directly related to the conduct of the trial, there is no need to consider them in light of our holding on the Brady issue.
Reversed.