BARKDULL, Judge.
Armand Hernandez appeals from convictions of arson and conspiracy to commit arson following a jury trial; judgment and sentence to fifteen years.
The appellant has preserved numerous points for review on appeal. The first is that the State produced one Huffman, a coperpetrator of the alleged crime, as State’s witness after he had been given immunity. He was the principal witness for the State. At the conclusion of his testimony in chief, the following appears in the transcript [questions by the State Attorney]:
* * * * * *
“Q . did you then give a statement to the State’s Attorney’s office outlining your basic testimony here today?
“A Yes.
“Q Is the testimony you gave to the State’s Attorney substantially the same testimony you gave today?
“MR. AARON [defense counsel] Objection.
“THE COURT: Sustained.”
* * Jk * * *
After the direct examination of Huffman was completed, the defendant moved, at a side bar conference, that the State be com *1225 pelled to produce Huffman’s sworn statement [previously given to the State Attorney], on the ground that the statement contained inconsistencies and thus constituted Brady[1] material. The court immediately conducted an in camera inspection of the sworn statement. Upon completing its inspection, the court stated:
“There were obvious inconsistencies with the statement of Mr. Huffman, given to the State’s Attorney Monday, July 28, 1975. But that statement is certainly not in any way exculpatory. Does the fact that there is a prior inconsistent statement make it Brady material?”
Defense counsel responded that the inconsistencies provided impeachment material which would be relevant in the jury’s assessment of Huffman’s credibility as a witness. The court then denied the motion on the ground that the sworn statement could not reasonably affect the jury in its determination of a verdict. Defense counsel contended that this sworn statement should have been presented to him after the State had interrogated the witness in the fashion it did, and when it appears that there were inconsistent statements made by the witness that went to his credibility and directly to testimony relating to both the crime of arson and the crime of conspiracy to commit arson.
We find it was error for the trial judge not to permit defense counsel to see the statement and use it as he might see fit in conducting the defendant’s defense.[2] State v. Drayton, 226 So.2d 469 (Fla. 2nd D.C.A. 1969); State v. Williams, 227 So.2d 253 (Fla. 2nd D.C.A. 1969); State v. Gillespie, 227 So.2d 550 (Fla. 2nd D.C.A. 1969); Brady v. Maryland, supra; United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968).
The other points urged for reversal have been examined and found to be without merit. See: Loftin v. State, 273 So.2d 70 (Fla.1973); State v. Rucker, 330 So.2d 470 (Fla.1976).
Therefore, for the reasons above stated, the convictions and the sentence be and the same are hereby set aside and the cause is remanded to the trial court for the purposes of a new trial.
Reversed and remanded, with directions.
PEARSON, J., dissents.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. It was not necessary that the statement show exculpatory material to entitle the defense to it; it went to impeachment on material issues, which entitled the defense to it. Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Williams v. Dutton, supra.