356 So.2d 911 (1978)
Mark COOPER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2304.
District Court of Appeal of Florida, Third District.
March 28, 1978.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz and Ronald A. Dion, Asst. Attys. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
The defendant, Mark Cooper, was found guilty after a trial before the court without a jury of malicious destruction of personal property in an amount less than $200, a misdemeanor. He was placed on probation for one year on condition that he pay a fine of $500 and make restitution in the amount of $350. On this appeal, two points are argued: (1) that the trial court erred in refusing to conduct a requested in camera inspection of the statement made by the complaining witness to the state attorney, and (2) that the trial judge erred in making the payment of $350 as restitution a condition of probation. We hold that neither point presents reversible error.
The salient facts are as follows: Cooper was charged by information with having done malicious damage on August 10, 1975, to a Porsche automobile, with damages in excess of $200, a felony. He waived the right to jury trial. His initially retained private counsel withdrew; he was adjudged insolvent, and, on March 23, 1976, the Public Defender was appointed to represent him. A bench trial was held on March 25, 1976, at which time the court found Cooper guilty of malicious destruction of personal property in an amount less than $200, a misdemeanor.
The sole witness to the alleged offense was Cooper's estranged wife, Melanie. She *912 testified at trial that, having separated from defendant, she had returned to his apartment building on September 4, 1975, to retrieve her clothing and other property. She drove there in a Porsche, which she had borrowed from her first husband, and parked it in the parking lot near the building. She stated that on that date, September 4, 1975, she saw the defendant slash the seats and damage the hood of the Porsche with a "Buck" knife which she recognized as his.
On September 24, 1975, pursuant to Fla. R.Crim.P. 3.220(a), defendant's original counsel made a demand for discovery of any statements made by any persons known to the prosecutor who had information relevant to the offense charged. The record reveals no response by the State. The defendant did not pursue the matter. Prior to trial, the defendant took the deposition of his estranged wife. The record does not reveal the date that the deposition was taken or whether it was ever transcribed. At trial, on March 25, 1976, after the public defender had completed his cross-examination of Mrs. Cooper, he stated that, although he had taken her deposition, he had not yet had an opportunity to have it transcribed, and that she had referred repeatedly to sworn testimony she had given in the State Attorney's office. He requested an in camera inspection by the court of this missing statement to see whether or not it had impeachment value to the defense. He reiterated that it never had been made available to the defense and that counsel had been appointed only two days previously. He also stated that the defense had exhausted other channels of securing the statement.
When a defendant waits until the middle of a trial to request a statement that he knew to be in existence prior to trial, the trial court will not be held in error for refusing to stop the trial and secure the statement for examination. See Yanetta v. State, 320 So.2d 23 (Fla.3d DCA 1975); Wilcox v. State, 299 So.2d 48 (Fla.3d DCA 1974); and Kelsey v. State, 267 So.2d 685 (Fla.1st DCA 1972). In the present instance, it is clear that the defendant knew of the statement at the time he took Mrs. Cooper's deposition.
We need not determine whether a defendant could, upon proper motion, have secured the production of this particular statement. The State contends that it must have been the affidavit for the issuance of the information, but that fact does not appear on this record.
Defendant's second point does not present reversible error. Section 948.03(1)(g), Florida Statutes (1975), specifically gives the trial court authority to make restitution a condition of probation. This record supports the finding of the trial judge with regard to the reasonable amount necessary for restitution. See Fresneda v. State, 347 So.2d 1021 (Fla. 1977).
Affirmed.
NATHAN, Judge, dissenting.
While I agree that appellant's second point does not present reversible error, I must respectfully dissent from the view that the trial court did not err in refusing to inspect the pre-trial statement of appellant's sole accuser.
This case presents a situation in which the sole basis for the court's judgment must have been the credibility of the witnesses. The only person who said she had seen the alleged crime committed was defendant's estranged wife. Defendant and two other witnesses, one of whom was his present wife, asserted that he was not even in the area at the time. The police never found the implement allegedly used.
The information, which apparently was based on the data supplied by Ms. Cooper, charged that the alleged offense was committed on August 10, 1975, nearly a month prior to the date she specified at trial.[1] And yet, when defense counsel, who had *913 been appointed only two days prior to trial and had had minimal opportunity for preparation, sought an in camera review of the statement which might provide a documentary basis for impeaching the credibility of appellant's sole accuser in a situation where the record reveals initial reluctance on the part of the police to make an arrest, the court denied the request and relied instead on the prosecutor to have made a determination the trial judge alone is authorized to make.[2]See Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Briskin v. State, 341 So.2d 780 (Fla. 3d DCA 1976).
Fla.R.Crim.P. 3.220(a) obligates the prosecutor to produce such a statement once demanded. Ramirez v. State, 241 So.2d 744 (Fla.4th DCA 1970); Richardson v. State, 233 So.2d 868 (Fla.2d DCA 1970). Such demand had been made shortly after the information was filed. The prosecutor never produced the statement. Once the court was made aware of the state's failure to comply with the requested discovery, it was obligated to make an adequate inquiry into the surrounding circumstances especially in view of the importance of Ms. Cooper's credibility. Ramirez, supra.
I believe that, at minimum, the defense was entitled to have the court review Ms. Cooper's pre-trial statement to see whether it had impeachment value, and that the trial judge's refusal to do so violated the defendant's right to a fair trial. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Hernandez v. State, 348 So.2d 1224 (Fla.3d DCA 1977). I would reverse and remand for a new trial.
NOTES
[1] Since no objection was raised at trial to this variance between the allegation and the proof, and the argument was not raised on appeal, I regard this issue as going solely to the impeachment value of the missing testimony.
[2] In response to defense counsel's request for an in camera inspection by the court of the missing statement, the court stated: "I am sure that if there was any Brady material available it would have long since been supplied to the defendant or his counsel. Your request is denied."

When defense counsel next asked whether he would also be denied the right to see the arrest warrant and its supporting affidavit, the court replied: "The information reflects that [the State Attorney] has sworn testimony upon which he based the information. There is nothing to show otherwise, so the request is denied."