377 So.2d 1153 (1979)
Mark COOPER, Petitioner,
v.
STATE of Florida, Respondent.
No. 53964.
Supreme Court of Florida.
November 21, 1979.
Rehearing Denied January 17, 1980.
*1154 Bennett H. Brummer, Public Defender, and Kurt L. Marmar, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
ADKINS, Acting Chief Justice.
This cause is before us by petition for writ of certiorari to review the decision reported as Cooper v. State, 356 So.2d 911 (Fla. 3d DCA 1978) on grounds of direct conflict with Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Hernandez v. State, 348 So.2d 1224 (Fla. 3d DCA 1977); and Briskin v. State, 341 So.2d 780 (Fla. 3d DCA 1976). Art. V, § 3(b)(3), Fla. Const.
Cooper was tried before a judge without a jury on a charge of malicious destruction of personal property. The case turned on the credibility of Cooper's ex-wife, Melanie, who was the sole eyewitness to the crime. Cooper and two others testified he was not present when the destruction occurred. After his cross examination of Melanie the public defender requested an in camera inspection to determine the impeachment value, if any, of sworn statements Melanie allegedly made to the state attorney. The trial judge denied the request and the Third District Court of Appeal affirmed on the basis that the defense had access to the statement via discovery prior to trial. Judge Nathan dissented, saying, inter alia:

*1155 The information, which apparently was based on the data supplied by Ms. Cooper, charged that the alleged offense was committed on August 10, 1975, nearly a month prior to the date she specified at trial. And yet, when defense counsel, who had been appointed only two days prior to trial and had had minimal opportunity for preparation, sought an in camera review of the statement which might provide a documentary basis for impeaching the credibility of appellant's sole accuser in a situation where the record reveals initial reluctance on the part of the police to make an arrest, the court denied the request and relied instead on the prosecutor to have made a determination the trial judge alone is authorized to make. See Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Briskin v. State, 341 So.2d 780 (Fla. 3d DCA 1976). [Footnotes omitted.]
356 So.2d at 912-13.
In Cumbie this Court reemphasized its holding in Richardson v. State, 246 So.2d 771 (Fla. 1971), that the trial judge must make full inquiry into the circumstances surrounding a violation of the Florida Rules of Criminal Procedure to determine whether the defendant was prejudiced thereby. An appellate court's examination of the record is not a substitute for "a trial judge's determined inquiry into all aspects of the state's breach of the rules." 345 So.2d at 1062.
The state maintains there was no violation of the rules in Cooper; hence, there was no need for a Richardson inquiry.
We disagree. Cooper's request included the allegation that the statements were not made available by the state although there had been a defense demand for discovery. If true, the state did breach its duty to disclose such statements. Fla.R. Crim.P. 3.220(a)(1)(i), (ii); Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970). The trial judge should have inquired at least as to the existence of a violation by the state. Only then could the need arise for an inquiry as to prejudice resulting from the breach. In Briskin v. State the defendant demanded discovery of certain police files which a state witness used to refresh his recollection on the stand. The state argued the files were not material and thus not subject to disclosure. After brief inspection the trial judge agreed and denied the demand for discovery. The Third District Court of Appeal reversed saying:
"The trial court should have made a thorough inspection of the requested material; the ultimate determination as to its susceptibility to discovery by the defendant should have been based upon [a different] test... ."
341 So.2d at 783.
In the instant proceeding the trial judge made no inquiry whatsoever but merely stated: "I am sure that if there was any Brady material available it would long since have been supplied to the defendant or his counsel." 356 So.2d at 913, fn. 2.
This bare assumption of state compliance is insufficient. Failure to disclose discoverable material is reversible as a matter of law absent a Richardson inquiry. Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977); Cumbie v. State, supra.
The decision of the district court of appeal is quashed and the cause remanded to the district court with instructions to reverse the judgment and further remand the cause for a new trial.
It is so ordered.
BOYD, OVERTON and SUNDBERG, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I dissent on the basis that we have no jurisdiction to review the decision of the district court. Petitioner contends that the present decision conflicts with Cumbie v. *1156 State, 345 So.2d 1061 (Fla. 1977); Hernandez v. State, 348 So.2d 1224 (Fla. 3d DCA 1977); and Briskin v. State, 341 So.2d 780 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977). These cases, however, are factually and legally distinguishable from the present case and do not create the conflict requisite to vest this Court with jurisdiction.
The district court in the present case held:
When a defendant waits until the middle of a trial to request a statement that he knew to be in existence prior to trial, the trial court will not be held in error for refusing to stop the trial and secure the statement for examination. [Cases cited.] In the present instance, it is clear that the defendant knew of the statement at the time he took Mrs. Cooper's deposition.
Emphasis supplied. The sole issue in Cumbie, as framed by this Court, was whether the trial judge committed reversible error when he allowed into evidence the surprise testimony of two law enforcement officers pertaining to statements made by the defendant. Pursuant to Florida Rule of Criminal Procedure 3.220(a)(1)(iii), defendant had requested discovery of any oral statements made by the defendant and known to the prosecution. The prosecution responded that no statements had been made. Depositions of the two officers did not disclose that statements had been made by the defendant. In fact, one of the officers stated in his deposition that defendant had made no statements. We held that the introduction of the testimony concerning the alleged statement of defendant without conducting an inquiry into the question of prejudice constituted reversible error.
In Hernandez v. State, the prosecution, on direct examination, asked its witness whether he had given a statement to the state attorney's office and whether the statement was consistent with his trial testimony. The defense then requested that the State be compelled to produce this statement, which request was denied by the trial court. The defense counsel contended that the sworn statement should have been furnished to him after the State had interrogated the witness in the fashion it did. In the light of these particular facts, the district court found that it was error for the trial court not to permit the defense to see the statement and to use it in conducting defendant's defense.
The prosecution's witnesses in Briskin v. State admitted that they were utilizing certain files to refresh their recollection at trial. Defense counsel requested discovery of information contained in these files. The trial court denied this request, but the district court reversed and held that the defendant should have been permitted to examine the police file used by the police officer to refresh his recollection to the extent that it had a bearing on the defendant's lack of knowledge that the automobiles in question had been stolen.
Since the cases cited for conflict are distinguishable, there is no conflict, and I would deny certiorari.