609 P.2d 155

The STATE of Idaho,
Plaintiff-Respondent,

v.

Bert Winfield MIYOSHI,
Defendant-Appellant.

No. 12794.

Supreme Court of Idaho.

April 1, 1980.

Gerald L. Weston of Gigray, Miller, Downen & Weston, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., Steven M. Parry, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from an order of the district court revoking the probation of defendant-appellant Miyoshi. We affirm.

Miyoshi, in November, 1975, entered a plea of guilty to the charge of grand larceny and was sentenced therefor not to exceed five years in the state penitentiary. The trial court reserved jurisdiction for a period of 120 days and thereafter Miyoshi was released on probation. In October, 1976, the State sought to revoke that probation of Miyoshi on the basis he had failed to secure employment and was not self-sufficient. That petition was denied and Miyoshi was assigned a different probation officer. In July, 1977, the State again sought the revocation of Miyoshi's probation alleging, among other matters, that he had failed to report to his probation officer as instructed and had failed to reimburse Canyon County $52.70 for the cost of his court-appointed attorney.

The trial court, following a hearing on the State's petition to revoke the probation, found that Miyoshi "has not attempted in

any way to cooperate with the probation program." The record amply supports that determination by the trial court. Although Miyoshi asserts that a requirement that he report at 8:00 a. m. to his probation officer was penal in nature and a type of harassment, the record indicates that the probation officer imposed this condition only as a last ditch attempt to force Miyoshi to seek employment after other methods had failed due to Miyoshi's lack of cooperation.

Contrary to Miyoshi's assertions, the record indicates that the terms of the probation agreement were fully explained to him and that he, verbally and in writing, agreed to those terms. The record is further clear that from approximately March, 1976, to September, 1977, Miyoshi made no effort to pay any part of the $52.70. Miyoshi offered no evidence to rebut the inference that his default was attributable to his intentional refusal to obey the court's order and his failure to make a good faith effort to pay. Miyoshi does not explain his failure to pay $52.70 over a period in excess of eighteen months, but rather asserts the State has the burden of proving his ability to pay before revoking his probation. We disagree. *See* *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).

The orders of the trial court revoking appellant's probation, revoking the suspension of the previously entered judgment of conviction and committing the appellant to the State Board of Corrections are affirmed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.