389 So.2d 318 (1980)
Mark COOPER, Petitioner,
v.
The Honorable Jon I. GORDON, Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 80-1448.
District Court of Appeal of Florida, Third District.
October 21, 1980.
*319 Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for petitioner.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for respondent.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The petition for a writ of mandamus is granted and the respondent is hereby directed to entertain the petitioner's subject motion which seeks the return of certain monies herein upon a holding that: (a) a writ of mandamus lies to test the correctness of a trial court's ruling that it has no jurisdiction in a particular cause, Estevez v. Gordon, 386 So.2d 43, 45 (Fla. 3d DCA 1980); (b) the respondent trial judge has jurisdiction in this cause, contrary to its ruling below, to entertain the petitioner's motion herein for the return of a $500 fine, a $350 restitution payment as a probationary condition, and a $90 probation cost payment as a probationary condition [all previously imposed as a penalty by the trial court upon petitioner's conviction for malicious destruction of personal property] as part of its inherent power to correct the effects of its own wrongdoing and restore the petitioner to the status quo ante, Masser v. London Operating Co., 106 Fla. 474, 508, 145 So. 72, 78 (1932), following a reversal on appeal of said conviction and remand for a new trial, Cooper v. State, 377 So.2d 1153 (Fla. 1979), quashing, 356 So.2d 911 (Fla. 3d DCA 1978), on remand, 379 So.2d 201 (Fla. 3d DCA 1980); and (c) this jurisdiction was not divested by the trial court's dismissal of the criminal charges against the petitioner upon remand prior to the filing of the instant motion and hearing thereon as the court's inherent authority to correct its own prior wrongdoing still obtained. Hazen v. Smith, 101 Fla. 767, 135 So. 813, 816 (1931).
We assume that the issuance of a peremptory writ of mandamus will be unnecessary and that the respondent trial judge upon receipt of this opinion will abide by the directions contained herein.
Petition granted.