446 So.2d 1134 (1984)
Josey Wales BALBOA, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1416.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*1135 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Prior to trial, Balboa's counsel invoked reciprocal discovery. The state failed to furnish tape-recorded statements of two witnesses on the ground that the recordings were work product and therefore not required to be furnished. The trial court agreed and denied defendant's motion to impose sanctions without conducting a Richardson[*] hearing. The court relied upon representations by the prosecutor concerning the content of the tapes. We reverse.
There is no question that the recordings contained oral statements by the witnesses. Rule 3.220(a)(1)(ii), Florida Rules of Criminal Procedure, defines statements:
The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement... . (emphasis added)
Rule 3.220(c)(1), Florida Rules of Criminal Procedure, provides a work product privilege:
Disclosure shall not be required of legal research or of records, correspondence, reports or memoranda, to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney, or members of his legal staff.
Thus, opinions, theories, or conclusions of attorneys are privileged, but statements of witnesses to attorneys are not. Had the court conducted a Richardson hearing, it could have determined whether prejudice resulted from the state's failure to furnish the tapes. The court might also have decided whether to delete portions of the tapes prior to requiring the state to provide them to defense counsel. A "bare assumption of state compliance is insufficient." Cooper v. State, 377 So.2d 1153 (Fla. 1979).
We reject as frivolous the state's contention that the error in failing to conduct a Richardson hearing was harmless. Cooper; Wilcox v. State, 367 So.2d 1020 (Fla. 1979). Smith v. State, 372 So.2d 86 (Fla. 1979) mandates a new trial.
For these reasons, we reverse the conviction and sentence and remand the cause for a new trial.
NOTES
[*] Richardson v. State, 246 So.2d 771 (Fla. 1971).