DANIEL S. PEARSON, Judge.
The State’s petition for writ of certiorari is granted, and the order prohibiting the State from presenting the testimony of witnesses Dennis Lambert and Robert Underwood is quashed.
In an earlier appearance of this case, this court reversed the defendant’s conviction upon a holding that the State’s failure to furnish the defendant with tape recorded statements of these witnesses triggered the necessity for a Richardson hearing, and, none having been held, reversal was required. See Balboa v. State, 446 So.2d 1134 (Fla. 3d DCA 1984). This court’s opinion pointed out, without further explanation, that the trial judge “relied upon representations by the prosecutor concerning the content of the tapes.” 446 So.2d at 1135.
After the case was remanded, it was learned that the tape recordings could not be found. The trial judge accordingly conducted a Richardson hearing at which the prosecuting attorney testified that the loss of the tapes was inadvertent and “that the statements of witnesses recorded on said tapes was no different than testimony given on depositions or at trial by the same witnesses.” Although the prosecutor’s undisputed testimony may have persuaded the trial judge that the defendant suffered no prejudice from the discovery violation, the trial judge believed that this court’s earlier opinion precluded him from relying on the prosecutor’s representations concerning the content of the tapes.
In our view, the trial judge misconstrued this court’s opinion. Reliance upon the prosecutor’s representations concerning the tapes was there condemned only because those representations were received as a substitute for the required Richardson hearing. The opinion did not preclude the trial judge from fully considering these same representations, in the form of the prosecutor’s testimony, at an adversary Richardson hearing. Since the trial judge did not consider this clearly admissible tes *577 timony, we quash the order under review with directions that the trial judge determine from all the evidence, including the prosecutor’s testimony, whether the defendant is prejudiced by the discovery violation.
Certiorari granted; order quashed, with directions.
HENDRY, J., dissents.