887 P.2d 53

**STATE of Idaho, Plaintiff–Appellant,**

v.

**James G. WALKER, Defendant–Respondent.**

**No. 21201.**

Court of Appeals of Idaho.

Dec. 20, 1994.

Larry EchoHawk, Atty. Gen. and Robert R. Gates, Deputy Atty. Gen., Boise, for appellant.

Danny J. Radakovich, Lewiston, for respondent.

WALTERS, Chief Judge.

A defendant who is placed on supervised probation is required by statute in Idaho to pay up to $35 per month for the costs of

mand.

supervision, when financially able to do so.[1] The instant case presents the question of whether the State must refund to a defendant the amount the defendant paid for supervised probation when the conviction and sentence under which the defendant was placed on probation is subsequently reversed on appeal and the underlying criminal charge is dismissed. The district court below held that the defendant was entitled to a refund. The State has appealed from the order for reimbursement. For the reasons explained, we reverse the district court's order.

The case comes to us with the following background. On August 4, 1989, the respondent, James Walker, was charged with three counts of possession of controlled substances (marijuana, cocaine, and methamphetamine) and with one count of manufacturing a controlled substance (marijuana) by Informations filed in the district court. He moved to suppress evidence the police had obtained through execution of a search warrant. The district court found that the warrant was issued without probable cause but that the search could be upheld under the good faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Walker then entered into a plea agreement pursuant to I.C.R. 11, preserving the right to appeal the order denying his motion to suppress.

The plea agreement contained the following terms relevant to the present case. Walker agreed to enter a conditional plea of guilty to the charge of manufacturing a controlled substance (marijuana), and the State agreed to a dismissal of the other pending charges. The State further agreed not to request incarceration other than local incarceration and not to oppose a request by Walker for stay of execution of his sentence while the appeal was pending. The matters of a fine, restitution, period of probation (if any), and a request for a withheld judgment were left to the discretion of the district court. Finally, it was agreed that the defendant would be allowed some time to pay any fine and costs imposed.

The plea agreement and Walker's conditional plea of guilty to the charge of manufacturing a controlled substance were accepted by the district court on November 6, 1991. The court denied Walker's request for a withheld judgment and sentenced him to the custody of the State Board of Correction for a period of five years with a minimum period of confinement of two years. However, the sentence was suspended and Walker was placed on supervised probation for five years, on the standard terms and conditions of the Department of Probation and Parole. Walker was ordered to pay court costs and a fine of $1000, the latter being payable at the rate of $100 per month for ten months. He was also ordered to perform 100 hours of community service and to comply with other rehabilitative conditions for probation outlined by the court in its judgment. A written judgment of conviction reflecting the court's pronouncement was filed on March 31, 1992. Evidently, a motion to stay the sentence during the pendency of an appeal was denied.

Walker timely filed a notice of appeal on May 6, 1992. While the appeal was pending, Walker remained on probation and paid to the Department of Probation and Parole the sum of $30 per month pursuant to I.C. § 20–225 for costs of supervision. Before Walker's appeal was argued and submitted for decision to the appellate court, the Idaho

1. I.C. § 20–225 provides:

Any person under state probation or parole supervision shall be required to contribute not more than thirty-five dollars ($35.00) per month as determined by the board of correction. Any failure to pay such contribution shall constitute grounds for the revocation of probation by the court or the revocation of parole by the commission for pardons and parole. The division of probation and parole in the department of correction may exempt a person from the payment of all or any part of the foregoing contribution if it finds any of the following factors to exist:

(1) The offender has diligently attempted but been unable to obtain employment.
(2) The offender has an employment handicap, as determined by a physical, psychological, or psychiatric examination acceptable to the division of probation and parole.
Money collected as a fee for services will be placed in the probation and parole receipts account, which is hereby created in the dedicated fund in the state treasury, and utilized to provide supervision for clients. Moneys in the probation and parole receipts account may be expended only after appropriation by the legislature.

Supreme Court issued its decision in *State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992). In *Guzman*, the Idaho Supreme Court rejected the *Leon* good faith exception as a principle applicable to searches and seizures under art. 1, § 17 of the Idaho Constitution.

Thereafter, on October 4, 1993, pursuant to a stipulation submitted in Walker's appeal, the Supreme Court entered an order reversing the district court's decision to deny Walker's motion to suppress, and the case was remanded to the district court for withdrawal of Walker's conditional plea of guilty. The district court then entered an order withdrawing the plea and the State moved for dismissal. However, Walker filed a motion for a refund to him of the sums of $1054 paid as the fine and costs and $660 paid to the Department of Probation and Parole at the rate of $30 per month for 22 months for his supervision while he was on probation during the period his appeal was pending. A stipulation was then presented to the district court, permitting entry of an order dismissing the charge of manufacturing a controlled substance (marijuana), restoring to Walker the sum of $1054 paid on his fine and costs, and reserving until a later date the ruling on Walker's motion for refund of payments made by him for probation monitoring.

During the hearing subsequently held on the motion for refund, the parties presented a stipulation setting forth the following facts: (1) the court ordered Walker to be placed under the supervision of the Department of Correction, Division of Field and Community Services; (2) the Department of Correction is required by Idaho Code § 20–225 to charge supervision fees; (3) Walker paid the sum of $660 to the Department as costs of supervision fees; (4) Walker made a conditional plea of guilty to one criminal charge; (5) Walker moved the district court for a stay of execution of the sentence pending appeal; (6) the district court granted only a stay of that portion of the sentence imposing a jail sentence;[2] and (7) Walker made no motion for a stay to the Idaho Supreme Court.

Following arguments of counsel, the district court decided that the State must return to Walker the costs of supervision fees in the amount of $660. The court explained:

This is a case of first impression in the State of Idaho. Unlike a case where a defendant has served the jail sentence prior to the reversal of a conviction, the fine and costs can be repaid. Costs of supervision were paid by the defendant pursuant to a judgment which was later reversed. Under these circumstances, it cannot be said that the payment of the costs of supervision was voluntary and the defendant did not waive his right to be reimbursed. Where the sentence under which Walker was supervised has been reversed, it is this Court's opinion that Walker should be placed back in the same position as near as possible to what he was prior to the sentence being imposed.

On appeal, the State challenges the district court's decision to order a refund, posing the following argument: Walker was placed on probation, the Department was ordered by the court to supervise Walker while he was on probation, Walker was required by I.C. § 20–225 to contribute to the cost of his supervision, and the Department in fact provided a service by supervising Walker. Because the Department provided this service as ordered, the State submits that the Department should be allowed to keep the payments made by Walker to defray its expenses for time and resources devoted to Walker's case.

The issue posed by the State turns upon proper application of the law to the undisputed facts presented through the stipulation of the parties. The appellate standard in such a situation is well settled. We do not defer to the trial court's determination upon questions of law but instead conduct free review. *O'Loughlin v. Circle A Construction*, 112 Idaho 1048, 1051, 739 P.2d 347, 350 (1987);

---

**2.** The record on appeal does not contain a motion for stay or the court's order thereon. Although the minutes of the sentencing proceeding recite that the court "will stay the fine pending appeal," a transcript of that proceeding has not been provided as part of the record on appeal and the written judgment subsequently entered does not indicate that any part of the payment of the fine was ever "stayed." Furthermore, neither the judgment of conviction nor the minutes of the sentencing proceeding appear to include the imposition of any "jail sentence."

*Linn v. North Idaho District Medical Service Bureau, Inc.,* 102 Idaho 679, 688, 638 P.2d 876, 885 (1981); *Standards of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 3.2.2 (Idaho Law Foundation, Inc., 2d Ed.1989).

The district court seems to have applied an equitable principle of restitution similar to that recognized by our Supreme Court in civil cases where a judgment is reversed on appeal. In *Shrives v. Talbot,* 91 Idaho 338, 421 P.2d 133 (1966), the court revisited a dispute between the vendors and purchasers of real property following a new trial previously ordered on reversal of the judgment first entered in the case, 88 Idaho 209, 398 P.2d 448 (1965). Evidently, the property had been sold at a sheriff's sale on foreclosure of a mortgage. The court observed:

> Talbots correctly appealed from the judgment of foreclosure upon which the decree and order of sale were based. *Where that judgment is subsequently reversed after execution and sale of the property, Shriveses become obligated to make restitution of all things received by virtue of that judgment.* Here where there was no third party to the judicial sale and where [Talbots] by their complaint sought rescission of the land sale agreement the district court correctly and equitably cancelled the deed of the Weston property running to Talbots and indirectly set aside the sheriff's sale thus to place the parties in the positions which they occupied prior to the fraudulent transaction. 5 Am.Jur.2d, Appeal & Error, § 1004, p. 429 [ (1962) ].

91 Idaho at 347, 421 P.2d at 142 (emphasis supplied). The same restitutionary approach may be applied in a criminal action when an executed judgment imposing a fine is vacated or reversed on appeal. 5 AM.JUR.2d, *Appeal & Error,* § 998, p. 425 (1962); ANNOTATION, *Right to Recover Back Fine or Penalty Paid in Criminal Proceeding,* 26 A.L.R. 1523 (1923). Indeed, one court has held that, upon reversal of a judgment of conviction, the trial court has jurisdiction—as part of its inherent power to correct the effects of its own wrongdoing and to restore the defendant to the *status quo ante*—to entertain a motion for the return of a fine,

restitution payments, and probation costs imposed as probationary conditions. *Cooper v. Gordon,* 389 So.2d 318 (Fla.Dist.Ct.App. 1980).

It has been held that requiring the payment of fees to defray costs of supervision on probation, if possible to perform, is reasonable and has a rehabilitative effect. *Mellinger v. Idaho Dept. of Corrections,* 114 Idaho 494, 501, 757 P.2d 1213, 1220 (Ct.App.1988), *citing State v. Mears,* 134 Ariz. 95, 654 P.2d 29 (Ariz.Ct.App.1982). It has also been recognized that, under proper circumstances, a court can direct a defendant to reimburse the State for costs of his or her defense to the extent of the defendant's financial ability. *Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). This requirement may be imposed as a condition of probation. 21 AM.JUR.2d, *Criminal Law,* § 575 pp. 943–45 (1981); ANNOTATION, Philip E. Hassman, *Validity of Requirement That, As Condition of Probation, Indigent Defendant Reimburse Defense Costs,* 79 A.L.R.3d 1025 (1977). *See also, State v. Miyoshi,* 101 Idaho 88, 609 P.2d 155 (1980) (probation revoked for intentional refusal to reimburse county $52.70 for the cost of court-appointed counsel). It has been suggested that the assessment of defense costs against a defendant should occur only if the defendant is convicted. *See, Fuller v. Oregon,* 417 U.S. at 57–58, 94 S.Ct. at 2126–27 (Douglas, J., concurring):

> Nor is it a denial of equal protection to assess costs only against those defendants who are convicted. The acquitted defendant has prevailed at trial in defending against the charge brought by the State. It is rational that the State not recover costs from such a defendant while recovering costs from a defendant who has been found guilty beyond a reasonable doubt of the crime that necessitated the trial. Similarly, too, it is rational not to assess defendants against whom charges have been dismissed, since the State has not proved its charges against them.

*Id.*

However, I.C. § 20–225 does not distinguish between defendants who are placed on probation under a suspended sentence upon a judgment of conviction, *see* I.C. § 19–

2601(2), and defendants who are given probation under an order withholding a judgment of conviction as permitted by I.C. § 19–2601(3). In other words, probation is not dependent upon the existence of a valid conviction. Indeed, where a defendant has been placed on probation either upon a suspended sentence or pursuant to an order withholding judgment and the defendant successfully fulfills the terms and conditions of his probation, the court may upon proper showing "terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant" except in certain crimes involving sexual activity with children. I.C. § 19–2604(1). Would such a dismissal entitle the defendant to a refund of the costs of his supervision paid under I.C. § 20–225? We think not. Nor should that result obtain when, as in this case, the conviction of the defendant is set aside on appeal and the charges are dismissed, where the defendant has been receiving the beneficial effect of supervised probation during the period of time his case was on appeal.

Although the district court concluded that the defendant "should be placed back in the same position as near as possible to what he was prior to the sentence being imposed," the court did not accord similar relief to the State. The court's ruling ignores the benefit of rehabilitation received by the defendant in exchange for the expenditure of time and effort by the State to provide that benefit. We acknowledge that the return to the State of the intangible benefit received by Walker through rehabilitation services would be virtually impossible to achieve. Nonetheless, the State provided supervision services and received, as a benefit in return, the payments made by Walker. We disagree with the district court's determination that it would be equitable or proper to restore *quid pro quo* to only one of the parties, rather than leaving both parties in possession of their reciprocal benefits, under the circumstances of this case. Our conclusion in this regard is consistent with the result obtained in *State v. Parker*, 872 P.2d 1041 (Utah App.1994), the only decision we have found in our research of cases in other jurisdictions which addresses, on the merits, an issue similar to the one presented here.

Accordingly, we conclude as a matter of law that the defendant was not entitled to a refund of the costs of probation supervision, even though his conviction was set aside and the criminal charge was dismissed, when the State in fact provided the supervision service. The district court's order of reimbursement is reversed.

LANSING and PERRY, JJ., concur.