**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Susan M. NOEL, Defendant–Appellant.**

No. 04CA1558.

Colorado Court of Appeals, Div. V.

Dec. 1, 2005.

Certiorari Denied May 30, 2006.[*]

* * *

[*] Justice EID does not participate.

John W. Suthers, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

GRAHAM, J.

Defendant, Susan M. Noel, appeals the trial court order denying her motion for refund of a probation supervision fee. We affirm.

A jury found defendant guilty of first degree criminal trespass, a class five felony, and the trial court sentenced her to eighteen months probation. The court also ordered, as a condition of her probation, that defendant pay a $630 supervision fee. *See* § 18–1.3–204(2)(a)(V), C.R.S.2005 (court may, as a condition of probation, require that the defendant pay the costs of such supervision).

After her conviction was affirmed on direct appeal, *People v. Noel*, 2002 WL 1772705, (Colo.App. No. 01CA0314, Feb. 21, 2002) (not published pursuant to C.A.R. 35(f)), defendant filed a Crim. P. 35(c) motion in the trial court, claiming that she had not voluntarily waived her right to testify at trial. The court agreed with defendant and vacated her conviction, noting on the order that defendant had already served her sentence.

Defendant then filed a motion seeking a refund of the $630 probation supervision fee she had paid prior to completing her sentence. Defendant argued that, because her conviction had been vacated, the probation supervision fee should be refunded "as a matter of fairness." Following a hearing on the motion, the court concluded:

[W]hile I certainly understand the defendant's argument ... the [prosecution's] quantum meruit argument makes a lot of sense to me. This was not some sort of a fine or a punitive sanction [t]hat was imposed. This was simply a mandatory court cost, which is assessed to offset the cost of supervising a person who's ... convicted of crimes. Obviously if a jail sentence had been served, we could not unring the bell, as [defense counsel] has argued. But I also think it sets a dangerous precedent to allow people to seek a refund for services actually provided because a subsequent event changes that situation. If [defendant] had been fined $5,000 as a punitive sanction, then I guess I would agree that that fine, perhaps, would be appropriate to refund. But I think supervision fees are simply another way of transferring State-incurred costs to the person/persons responsible for .... those costs. And it seems appropriate that [defendant] paid those even though her conviction has now been overturned. So I'm going to deny the defendant's motion for refund of supervision fees.

This appeal followed.

■ Defendant contends that the trial court erred in denying her motion because to deprive her of a refund is to deprive her of property without due process. She argues that, "[j]ust as the probation supervision fee was imposed incident to the trial court's judgment of conviction, the probation supervision fee must be refunded ... incident to vacation of the judgment." We disagree.

Probation is a privilege, not a right. *People v. Howell,* 64 P.3d 894 (Colo.App. 2002). And, contrary to defendant's assertion, its primary purpose is to rehabilitate, not to punish. *People v. Flenniken,* 749 P.2d 395 (Colo.1988); *People v. Howell, supra; People v. Martinez,* 844 P.2d 1203 (Colo.App. 1992). In concluding that a sanction that is primarily remedial does not violate principles of double jeopardy, the court in *Howell, supra,* held that assessed costs of probation were not part of the sentence and did not constitute punishment.

Probation is a sentencing alternative that a defendant applies for and the trial court either grants or denies. A defendant who objects to the terms of probation is free to reject the imposition of probation. *People v. Martinez, supra.*

In *Toland v. Strohl,* 147 Colo. 577, 364 P.2d 588 (1961), the court ordered the vacation of a judgment of conviction for driving under the influence which had been improvidently entered by a justice of the peace court. To preserve the status quo, the court vacated the sentence and ordered a refund of sums paid as fines and costs. However, *Toland* did not involve the imposition of probation or the expenditure by the state of any sums required to supervise probation.

Although *Toland* generally addresses the issue of refunding costs and fines, no Colorado appellate opinions specifically address the necessity of refunding costs to a defendant who is ordered to pay a supervision fee as a condition of probation. Courts in other states that have addressed this issue have rejected the argument defendant makes and have concluded that no refund is required.

For example, in *State v. Walker,* 126 Idaho 508, 887 P.2d 53 (Ct.App.1994), the defendant filed a motion for a refund of the probation supervision fee he paid before his conviction was set aside on appeal and the charge against him dismissed. In rejecting the district court's conclusion that the defendant "should be placed back in the same position as near as possible to what he was prior to the sentence being imposed," the Idaho Court of Appeals concluded that a refund was not required because the state had in fact provided the supervision service and the

defendant had benefited from that service. *State v. Walker, supra,* 887 P.2d at 57.

In *State v. Parker,* 872 P.2d 1041 (Utah Ct.App.1994), the majority of a panel of the Utah Court of Appeals rejected the argument that due process required the state to reimburse the defendant for fees he had paid for his confinement in a rehabilitation center as a condition of probation before his conviction was reversed on appeal. The majority concluded that probation supervision fees do not constitute "incidents of conviction requiring reimbursement" because (1) they are part of the rehabilitative process, unlike fines and surcharges, which are primarily punitive; and (2) the defendant either benefited from or was given the opportunity to benefit from these services. *State v. Parker, supra,* 872 P.2d at 1049; *cf. People v. Howell, supra,* 64 P.3d at 899 (recognizing that costs for probation are "primarily remedial rather than punitive" and "are limited to the actual costs incurred by the state").

Similarly, in *Brantley v. State,* 769 N.E.2d 676 (Ind.Ct.App.2002), the Indiana Court of Appeals determined the defendant was not entitled to a refund of the fees she paid for her supervision on home detention before her conviction was vacated. The court stated: "In return for the fees [the defendant] paid, she received supervisory services. Presumably, she received or could have received some rehabilitative benefit from these services. Additionally, [the defendant] avoided incarceration with her placement and chose not to pursue a stay of her sentence pending appeal." *Brantley v. State, supra,* 769 N.E.2d at 680.

We recognize that at least one jurisdiction has ruled that costs which include probation fees should be refunded when a judgment of conviction is vacated. In *Cooper v. Gordon,* 389 So.2d 318 (Fla.Dist.Ct.App.1980), the court concluded that the trial court had jurisdiction to hear the defendant's motion for a refund of restitution and probation costs, as part of its inherent equity power to restore the defendant to the status quo ante.

However, *Cooper* did not distinguish between the remedial and punitive portions of the judgment of conviction. Further, it did

not discuss the concept of status quo. Here, the state has expended taxpayer funds for the benefit of defendant, and, while the state may disgorge funds to reimburse defendant, defendant cannot disgorge any benefit she derived and the parties cannot be placed in the status quo ante.

We are persuaded by those cases holding that remedial costs which have been advanced for probation need not be refunded. We therefore conclude that, because the purpose of probation is primarily rehabilitative, and because defendant could have benefited from the supervisory services she received and paid for, the trial court did not err in denying her motion for a refund of the probation supervision fee. In addition, we note that the record does not reflect, nor does defendant argue, that she opposed the imposition of probation, or that she sought to stay the sentence while her appeal was pending.

The order is affirmed.

Judge VOGT and Judge ROMÁN concur.