**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39762**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 635 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID LEON JOHNSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

District court order denying Rule 35 and alternative Rule 60(b) motion, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

David Leon Johnson appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence and his alternative Idaho Rule of Civil Procedure 60(b) motion for relief from judgment regarding costs of transcript preparation for his appeal. We affirm.

**I.**

**BACKGROUND**

In 2006, Johnson, represented by private counsel, was convicted of two counts of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. After Johnson was sentenced, he filed an application for public defender representation on appeal, contending he was indigent. At a hearing, the prosecutor questioned whether Johnson was truly indigent as the presentence investigation report indicated that Johnson had earned $75,000 the year before through his business. The district court also expressed concern over whether Johnson qualified as indigent,

1

but appointed the county public defender so that an appeal could be timely filed preserving Johnson's rights. The district court also expressly allowed the prosecutor to further investigate Johnson's assets and to bring the matter to the court's attention if it was contended that Johnson was not indigent.

On November 3, 2006, the prosecutor filed a motion for an evidentiary hearing on the matter. After two hearings, the district court determined that Johnson had sufficient assets to pay for his own costs and representation, but that most of those assets were non-liquid and would take some time to turn into cash. The district court ordered the State Appellate Public Defender's office to represent Johnson on appeal, subject to any later request for reimbursement. The court further reasoned that because trial court reporters require transcript preparation fees to be paid up front and delay would prejudice Johnson's right to a timely appeal, it would order that Johnson immediately pay $500 toward those estimated fees and that Minidoka County would pay for the remaining $4,132.50, subject to reimbursement by Johnson. On November 21, 2006, the court entered a civil judgment in favor of the County and against Johnson for this latter amount. Johnson did not appeal from this civil judgment, nor did he ever pay the judgment amount.

Johnson eventually prevailed in his criminal appeal, and the two convictions were vacated. *State v. Johnson*, 148 Idaho 664, 227 P.3d 918 (2010). At a new trial in June 2011, represented by private counsel, Johnson was re-convicted of the two offenses. He did not appeal from the judgment of conviction.

Following a post-trial hearing and issuance of a court order on the prosecutor's motion concerning the exact same matter, on January 31, 2012, Johnson filed a "motion to correct an illegal judgment" under Idaho Criminal Rule 35, contending that the district court's November 21, 2006, civil judgment was "voided" by his successful appeal. In a memorandum in support filed three months later, he clarified that his motion was being pursued under Idaho Rule of Civil Procedure 60(b)(4), which allows relief from a "void" civil judgment, and under I.R.C.P. 60(b)(5), which allows relief from a civil judgment if, in part, "a prior judgment upon which it is based has been reversed or otherwise vacated." He also contended that the civil judgment was a "restitution order" dependent upon a valid criminal conviction, and that because his convictions had been reversed on appeal, the civil judgment should likewise be vacated. The district court denied the motion, holding that the motion was untimely, and that even if it had

been timely brought, the claim was not "well founded" because Johnson's successful criminal appeal did not nullify the district court's November 21, 2006, civil judgment.

Johnson appeals.

## II.

## ANALYSIS

### A. Johnson's Motion Was Untimely and Unauthorized

On appeal, Johnson, without explanation, asserts that his motion was authorized as one brought to correct an "illegal sentence" under Idaho Criminal Rule 35, which may be brought at any time. This assertion is without merit. A civil order or judgment entered attendant to a criminal conviction is not part of the criminal sentence. *See State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010) ("restitution, while attendant to a criminal conviction and most-often adjudicated at the sentencing hearing, is not part of a defendant's 'sentence'"); *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002) (a criminal defendant may not seek relief from a restitution order through an Idaho Criminal Rule 35 motion); *State v. Bybee*, 115 Idaho 541, 542 n.1, 768 P.2d 804, 805 n.1 (Ct. App. 1989) (same). Rule 35 does not provide authority for the filing of Johnson's motion.

Before the district court, Johnson asserted that his motion was authorized under Idaho Rule of Civil Procedure 60(b)(4) and (5), which rule requires that motions under these subsections be brought "within a reasonable time." The district court expressly held that Johnson's motion, filed over five years after the district court's November 21, 2006, civil judgment was entered, was untimely under Rule 60(b). The district court did not err in this determination. Moreover, Johnson fails to challenge this district court ruling in this appeal; instead he ignores it. Where a lower court makes a ruling based on two alternative grounds and only one of the grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). This additional reason alone would justify affirmance.

### B. The Motion Also Fails on the Merits

Johnson argued below that the district court's November 21, 2006, civil judgment was a "Judgment of Restitution." A restitution order or judgment against a criminal defendant and in favor of a victim of a crime is governed by Idaho Code § 19-5304. Under that statute, a court "shall order a defendant *found guilty of any crime* which results in an economic loss to the victim

to make restitution to the victim." I.C. § 19-5304(2). Thus, any resulting civil judgment, *see* I.C. § 19-5305(1), in favor of a victim of a crime is dependent upon a valid criminal conviction, and when a criminal conviction is reversed on appeal, the civil judgment should also be vacated. *State v. Shook*, 144 Idaho 858, 861, 172 P.3d 1133, 1136 (Ct. App. 2007).

The district court's November 21, 2006, civil judgment was *not* a "Judgment of Restitution" under section 19-5304. The County was not, and is not, a "victim" of Johnson's crimes as defined in I.C. § 19-5304(1)(e), and the district court's judgment does not purport to be founded on this statute. Instead the judgment is, at its core, an order that Johnson pay his own costs on appeal because he was not indigent.

Nor does the judgment here, as Johnson argues on appeal, "share characteristics with restitution orders." Claims similar to Johnson's have been made and uniformly rejected by the appellate courts of this state. In *State v. Walker*, 126 Idaho 508, 887 P.2d 53 (Ct. App. 1994), the defendant entered a conditional plea of guilty to a crime and was placed on supervised probation. The conviction was appealed, reversed, and the case remanded to allow withdrawal of the plea. The State then sought dismissal of the charge, at which time the defendant moved for a refund of the costs he had paid for supervised probation. The district court ordered the refund and the State appealed. This Court reversed the district court, holding that, as a matter of law, the defendant was not entitled to a refund even though his conviction was set aside and the charge dismissed where the State had in fact provided supervision service. We rejected the application of any equitable principle of restitution, declaring that, among other things, "probation is not dependent upon the existence of a valid conviction." *Id.* at 512, 887 P.2d at 57.

Similarly, Idaho courts have "consistently held that '[c]osts are allowed against the state only where provided by statute or by necessary implication.'" *State v. Thompson*, 119 Idaho 67, 70, 803 P.2d 973, 976 (1990) (quoting *Chastain's Inc. v. State Tax Comm'n*, 72 Idaho 344, 350, 241 P.2d 167, 170 (1952)). In criminal cases, requests by defendants who prevail in an appeal for costs and attorney fees have consistently been denied for lack of statutory authority allowing for such an award. *See State v. Callaghan*, 143 Idaho 856, 861, 153 P.3d 1202, 1207 (Ct. App. 2006); *State v. Rae*, 139 Idaho 650, 656-57, 84 P.3d 586, 592-93 (Ct. App. 2004); *State v. Roll*, 118 Idaho 936, 940, 801 P.2d 1287, 1291 (Ct. App. 1990); *State v. Spurr*, 114 Idaho 277, 280, 755 P.2d 1315, 1318 (Ct. App. 1988); *State v. Peterson*, 113 Idaho 554, 556, 746 P.2d 1013, 1015 (Ct. App. 1987).

Here, through the district court's act of grace, Johnson did not have to pay most of his own appellate transcript costs up front, but rather was advanced the same. With regard to application of the above authority, this is a distinction without a difference. Johnson must bear his own costs for his prior appeal as set forth in the judgment. The district court did not err in its ruling that Johnson's claim was not "well founded."

## III.

## CONCLUSION

Johnson's motion was wholly without merit. The district court's order denying relief is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**